FLEWELLING *v.* PRIMA OIL CO.

1. Process—Immunity While Attending Suit Outside County of Residence—Corporations.
    Immunity of an individual from service of process in a civil suit while in attendance in any suit in a county other than that of his residence also extends to such person as an officer and representative of a corporation upon which service is also sought to be made (3 Comp. Laws 1929, §§ 14090, 14106).

2. Corporations—Registered Office—Abandonment—Service of Process.
    Corporation which has abandoned and failed to maintain its registered office is not, for such neglect, subject to service of process anywhere in the State although it is deemed to have a place of residence in the county where it exercises its corporate powers and transacts its business (3 Comp. Laws 1929, § 14090; Act No. 237, § 38, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935).

3. PROCESS—ACTION AT LAW—SERVICE ON NONRESIDENTS.

In an action at law commenced in county of residence of plaintiff against several nonresident defendants, where none of the defendants is served in the county, service upon the others in another county is invalid (3 Comp. Laws 1929, § 14090).

4. JUDGMENT—SETTING ASIDE DEFAULT—AFFIDAVIT OF MERITS.

No affidavit of merits is required to set aside a default which was irregularly entered 'in that no valid service had been had upon any defendant (3 Comp. Laws 1929, §§ 14090, 14106; Court Rule No. 28 [1933]).

Appeal from Jackson; Williams (Benjamin), J. Submitted October 5, 1939. (Docket No. 65, Calendar No. 40,490.) Decided December 19, 1939. Rehearing denied February 14, 1940.

Case by Roy J. Flewelling and wife against Prima Oil Company, a Michigan corporation, James F. Blankenship, Rose Dery and Louis Dery for damages for alleged fraud in the sale of oil royalties. From order quashing service on defendants Prima Oil Company, Blankenship, and Rose Dery, plaintiffs appeal. Affirmed.

*Phillip C. Kelly,* for plaintiffs.

*Rosenburg, Painter & Cristy,* for defendants.

CHANDLER, J. The Prima Oil Company is a corporation organized under the laws of this State, with defendant Blankenship as president, defendant Louis Dery as vice-president, and defendant Rose Dery as its secretary-treasurer.

On June 28, 1937, plaintiffs instituted an action at law against said defendants in the circuit court for the county of Jackson, their declaration alleging that they had been defrauded by defendants in a transaction involving the purchase by them of cer-

tain oil royalties.  Based upon the declaration and accompanying affidavits, a writ of *capias ad respondendum* was issued but was not served as none of the defendants could be found in Jackson county.

Several alias writs were thereafter issued and on July 8, 1938, defendant Blankenship was served while within said county appearing as a respondent at a criminal hearing.  On the same day, a motion to quash the service of the writ was made on the ground that said defendant was privileged from service while in the county for the aforementioned purpose.  See 3 Comp. Laws 1929, § 14106 (Stat. Ann. § 27.773).  The motion was granted the following day.

Although apparently conceding that Blankenship, individually, was privileged from service, plaintiffs, claiming that such service was good upon him as a director of the corporation, and relying upon the provisions of 3 Comp. Laws 1929, § 14090 (Stat. Ann. § 27.757), caused another alias writ to issue which was served upon defendants Blankenship and Rose Dery in Wayne county in November, 1938. In the meantime, the default of the Prima Oil Company had been entered.

On December 2, 1938, the Prima Oil Company entered a special appearance in the cause and moved to quash the service upon it and to set aside the default theretofore entered.  A motion to quash the service was, at the same time, made by defendants Blankenship and Rose Dery.  The trial court granted the motions on the ground that there had been no valid service on any of the defendants in Jackson county prior to service in the county of Wayne, and found that the registered office of the Prima Oil Company was located in Wayne county, with defendant Blankenship as registered agent in charge thereof.  It was later admitted by defend-

ants that the company had abandoned its last registered office and was conducting its business from the private residences of its officers, all, of whom reside in Wayne county.

The first question to be discussed is whether or not the service on Blankenship, while privileged therefrom as an individual, was, nevertheless, good in his capacity as an officer of the Prima Oil Company. Plaintiffs claim that the cases of *Mulhearn* v. *Press Publishing Co.*, 53 N. J. Law, 153 (21 Atl. 186, 11 L. R. A. 101); *Rix* v. *Sprague Canning Machinery Co.*, 157 Wis. 572 (147 N. W. 1001, 52 L. R. A. [N. S.] 583), cited by defendants, do not apply because the corporations involved therein were foreign corporations.

Blankenship was privileged from service as an individual and this immunity also extended to him as an officer and representative of the defendant corporation. *Commonwealth Cotton Oil Co.* v. *Hudson*, 62 Okla. 23 (161 Pac. 535); *Sewanee Coal, Coke & Land Co.* v. *W. W. Willams & Co.*, 120 Tenn. 339 (107 S. W. 968). In these cases the corporation involved was a domestic corporation. We conclude, therefore, that the immunity from service conferred upon Blankenship by 3 Comp. Laws 1929, § 14106 (Stat. Ann. § 27.773), extended to the Prima Oil Company, unless, as plaintiffs further contend, the company was subject to service of process anywhere within the State because of the fact that it had abandoned its last registered office in the county of Wayne.

The corporation may have violated the provisions of Act No. 327, § 38, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 10135–38, Stat. Ann. § 21.38), in abandoning and failing to maintain its registered office,

but this did not subject it to service of process anywhere within the State. Although neglecting this duty,.it should, nevertheless, be deemed to have a place of residence in the county where it exercises its corporate powers and transacts its business. See *State, ex rel. Oakland Motor Car Co.,* v. *District Court of Waseca County,* 176 Minn. 78 (222 N. W. 524); *Hildebrand* v. *United Artisans,* 46 Ore. 134 (79 Pac. 347, 114 Am. St. Rep. 852); *Connecticut & Passumpsic Rivers R. Co.* v. *Cooper,* 30 Vt. 476 (73 Am. Dec. 319). Plaintiffs elected to institute their action in Jackson county rather than the county of residence of the defendant corporation, and process could be served only in the county in which the suit was instituted. No valid service having been had in the county of Jackson on any of the defendants, no authority existed for serving any of them in Wayne county under the provisions of 3 Comp. Laws 1929, § 14090 (Stat. Ann. § 27.757).

Plaintiffs contend that the court erred in setting aside the default of the Prima Oil Company inasmuch as no affidavit of merits had been filed and served prior thereto, citing Court Rule No. 28 (1933). As the default was irregularly entered, no affidavit of merits was required. *Vohlers* v. *E. H. Stafford Manfg. Co.,* 171 Mich. 8 (Ann. Cas. 1914 B, 1032).

Other questions of minor importance have been examined and we find discussion thereof to be unnecessary.

The order of the trial court is affirmed, with costs to defendants.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and MCALLISTER, JJ., concurred.