## DENTON *v.* PETTYCREW.

1. TRIAL—HEARING OF CASE OUT OF ORDER—LOCAL COURT RULE.

Order denying reconsideration of motion to dismiss and order granting motion to dismiss are vacated, where trial judge had advanced case for hearing out of order prescribed by local court rule without a stipulation or order of the presiding judge for so doing contrary to provision of local court rule (Saginaw County Circuit Court Rule No 4).

2. COSTS—APPEAL—LOCAL COURT RULES.

No costs are allowed in appeal, where attorney, absent for hearing of call of cases for the day, obtained reversal of order granting motion to dismiss because of noncompliance with local court rule as to order for hearing of cases (Saginaw County Circuit Court Rule No 4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 5.
[2] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

Appeal from Saginaw; O'Neill (James E.), J. Submitted October 8, 1964. (Docket No. 21, Calendar No. 50,527.) Decided January 5, 1965.

Declaration by William Denton against L. William Pettycrew, D.O.; Eugene J. Smith, D.O.; Alfred A. Ferris, D.O.; and Saginaw Osteopathic Hospital, a Michigan Corporation, jointly and severally, for injuries sustained by alleged malpractice. Case dismissed. Plaintiff appeals. Reversed and remanded.

*Roy De Gesero,* for plaintiff.

*Feikens, Dice, Sweeney, & Sullivan (Jack Sullivan,* of counsel), for defendant Pettycrew.

*Smith, Brooker, & Harvey (A. Thomas Lippert,* of counsel), for defendants Smith and Ferris.

*Stanton, Taylor, McGraw & Collison (John W. McGraw,* of counsel), for defendant Saginaw Osteopathic Hospital.

O'HARA, J. The order which we deem necessary to enter in this case is distasteful to us. It requires a finding that Judge O'Neill abused his discretion in dismissing a pending case for failure of plaintiff's counsel to appear. Were the issue confined to the interests of the attorney in the litigation, we would unhesitatingly affirm the trial judge. We deem it prudent, however, to allow plaintiff his day in court.

Except for the applicability of Rule No. 4 of the Saginaw County Circuit Court Rules, even plaintiff's rights would have been extinguished. The rule is herewith set out:

"Rule 4.

"At least 10 days before the opening of each term of court the assignment clerk shall cause to be pub-

lished in a newspaper approved by the court and published at least weekly and circulated in Saginaw county, a list of all cases which have been praeciped for trial on or before 14 days in advance of the first day of said term in the order in which praeciped or in such order as the presiding judge shall direct and shall cause the same to be served upon each attorney interested in said cases. Service may be made either personally or by mailing the same to such attorney at his address as appears in the records of the court with postage fully prepaid. From time to time during such term, the assignment clerk shall cause to be published and served upon interested attorneys as hereinbefore provided lists of additional cases which have been praeciped for trial. As far as possible, cases shall be placed upon call and tried in chronological order unless such order shall be changed by stipulation or court order as hereinafter provided. Such publication shall constitute the court calendar.

"On or before Friday of each week, the assignment clerk shall assign and cause to be published and served upon interested attorneys as hereinbefore provided, a list of cases on call for trial during the ensuing week and such cases shall be tried as nearly as may be in the order in which they are placed on call. After a case has been published as ready for trial and prior to assignment for trial, it may be changed to a different position in the order of trial by stipulation or order of the presiding judge for cause shown, but no case shall be advanced in position except on order of the presiding judge."

The instant action was set for trial January 30, 1962, after once having been the subject of an order of default against plaintiff for failure to plead. Judge O'Neill set it aside. Thereafter it was not tried as scheduled and was rescheduled for October 15, 1963. As to these reschedulings, no complaint is made. They appear to have been regularly en-

tered. The controversy arises over the last rescheduling from September 17, 1963, at 9:30 a.m.

A trial notice was mailed to the involved counsel on June 28th. This notice counsel denies having received. Meanwhile, in conformity with the local rule hereinbefore set forth, there was published in the Saginaw Press on September 13th a list of cases set for September 17th. According to Exhibit No. 1, 13 cases were scheduled. Of these, Nos. 5, 9, and 13 of the civil cases listed were designated "2"; that is, assigned to Judge O'Neill. This was No. 13 in sequence; that is, the last case listed. On that day, according to the testimony of the clerk, case No. 4 was called and trial thereof had begun before the instant case was called. For this, we rely upon the statement of the trial judge:

*"By Mr. De Gesero:* While we are making a special record, Your Honor, was my case called by yourself?

*"Court: It wasn't called, but I contacted Mr. Warnemuende to get in touch with your office from 9:30 on and there was no response. I don't recall whether he told me Mr. Denton was here or not.* \* \* \*

*"By Mr. De Gesero:* What could have been done with the three judges occupied, Your Honor?

*"Court: Well, that's none of your affair. That's our affair."*

Apparently what happened was that the court made inquiry through the clerk at the opening of court as to whether plaintiff or his counsel was present in the courtroom. Neither, it appears, was there. At 11:08 a.m., with attorneys from Detroit still waiting in the courtroom and plaintiff's counsel still unreached, an oral motion to dismiss was made. Among other reasons urged, one of the counsel (Mr. Lippert) argued:

"We have had extreme problems, as the Court is well aware, in the handling of this matter. I don't

think I need to go into each and every problem, Your Honor, except to say we have had difficulty in getting the plaintiff and his counsel to appear for any purpose.

"I think their nonappearance here this morning is just grounds for dismissal.   *   *   *

"*The Court:*   *   *   *   so on the authority cited, I believe I will have to grant the motion to dismiss and I will sign a proper order to that effect."

Absent Rule 4 of the local rules of the Saginaw circuit, we would, as we have indicated, feel constrained to affirm Judge O'Neill.

Plaintiff's counsel's precise point is that the case being No. 13 on the list of cases published as provided by rule, the case could not be "advanced in position except on order of the presiding judge."

Incontestably, with 2 cases, Nos. 5 and 9, preceding the instant case and case No. 9 being actually started (it took 2–1/2 days to try), this case was advanced without order of the presiding judge. To the extent, then, that this was done, counsel's argument that he did not receive notice either by notice of trial or by the published list is immaterial. As noted by the trial court upon motion to set aside the order of dismissal:

"You either didn't receive the notice or you did receive it and you are trying to squirm out of it another way.   *   *   *

"*Mr. De Gesero:* The rules provide that once the order has been published, and this is Rule Number 4, once it has been published—

"*The Court:* Do you want to take advantage of that? Do you want to take advantage of Rule Number 4? According to you, that wouldn't make any difference, you didn't have notice.   *   *   *

"*Mr. De Gesero:* Notice is not the important issue, Your Honor, but that explains why I wasn't here. *   *   *   I would have been here had I had notice."

Although counsel's position is "No-I-didn't-do-it-and-besides-I-couldn't-help-it", we must agree that case No. 13 was in actual fact advanced in position without order of the presiding judge. To that extent, plaintiff's interest was prejudiced. Though it was counsel's duty to be present at 9:30 a.m. in the strict letter of the rule, by the same strict letter he can claim the advantage of the rule.

Judge O'Neill was understandably irritated at the delay and inconvenience caused by plaintiff's counsel, as some of the language of his ruling indicates:

"If the Supreme Court wants to come up here and run this calendar, it's perfectly all right with me."

With deep appreciation for the gracious invitation, we must decline to accept. We commend the court's zeal to husband the time of a busy trial judge. We have read attentively his stern lecture to counsel that it is the duty of the attorney to be present when a case is set for trial and we approve it.

We are, as first indicated, reluctant to intrude ourselves into the discipline of local calendar call. In this case, because of the quoted local rule, we feel we must. The order denying reconsideration of the motion to dismiss and the order granting the motion to dismiss are vacated and the case reinstated. In view of the circumstances, we award appellant no costs.

KAVANAGH, C. J., and BLACK, SOURIS, and ADAMS, JJ., concurred with O'HARA, J.

DETHMERS, KELLY, and SMITH, JJ., concurred in result.