### FREEMAN *v.* REMLEY

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—COURT RULES. The court rules permit a trial judge in his discretion to grant a motion to set aside a default judgment upon a showing, in certain cases, of a meritorious defense and on one of the grounds set forth in the rules (GCR 1963, 520.4, 528.3).

---

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 46 Am Jur 2d, Judgments §§ 682, 739 *et seq.*

2. Judgment—Default Judgment—Setting Aside—Negligence of Parties.

> Negligence on the part of a personally-served defendant or on the part of his counsel does not ordinarily constitute grounds for setting aside a default regularly entered.

3. Judgment—Default Judgment—Setting Aside—Evidence.

> The trial court did not abuse its discretion by denying defendant's motion to set aside a default judgment where the ground upon which the motion was made, that defendant's insurer had no knowledge of the suit before judgment was entered, is contradicted by evidence that the insurer's agent could have received notification of the suit, that the pleadings were properly served, and that an additional letter had been sent notifying the insurer of commencement of suit, and where the trial court, relying on such evidence, properly found that the plaintiffs had done all they were required to do and that the insurer had received notification.

4. Judgment—Default Judgment—Setting Aside—Discretion.

> A trial court's rulings on applications to set aside a judgment or decree are strictly discretionary and will not be disturbed by an appellate court unless a clear abuse of discretion is shown.

Appeal from Oakland, Philip Pratt, J. Submitted Division 2 March 11, 1970, at Detroit. (Docket No. 7,431.) Decided April 28, 1970.

Complaint by Dorothy Williams, for herself and as next friend of Edward Charles Freeman, a minor, against Dale Lee Remley to recover for injuries sustained in an automobile-bicycle accident. Default judgment against defendant. Defendant's motion to set aside default and file answer denied. Defendant appeals. Affirmed.

*Albert H. Reifler,* for plaintiff.

*Arthur W. Mitchell,* for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and BRONSON, JJ.

T. M. BURNS, P. J. This appeal arises out of an accident which occurred on July 26, 1965. Plaintiff was injured when he either ran into defendant's car or was struck by defendant's car on a public street in Pontiac, Michigan, while riding a bicycle.

At that time, defendant was insured by Allstate Insurance Co. On July 27, 1965, defendant telephoned Allstate's office in Southfield and reported the accident. Allstate then set up a file and assigned it to an investigator. Upon completion of the investigation, the file was turned over to an Allstate negotiator, Harold Stevens, in Southfield.

Negotiations between Mr. Stevens and plaintiff's attorney continued through August 17, 1966. Allstate denied liability but assigned a $500 nuisance value to the claim. This offer was rejected by the plaintiff.

The file was subsequently transferred to Allstate's central office in Detroit on December 13, 1966.

Suit was started in Oakland County Circuit Court on December 27, 1967. Defendant was personally served on January 5, 1968.

Upon receipt of the summons and complaint, defendant's wife called the insurance salesman who had sold them the policy at the Sears store in Pontiac. The salesman instructed her to mail the pleadings to their Southfield office. These were mailed either by her or her father-in-law. The envelope was never returned.

Defendant heard nothing more about the matter until December, 1968, when he received a letter from plaintiff's attorney advising him that a default judgment had been rendered against him and garnishee

defendant, Allstate, for $3,118 plus $71 in costs, with interest at five percent.

Allstate asserts that its file does not contain the pleadings and it denies that it had notice of the suit. It also denies having in its file a letter which plaintiff's attorney allegedly sent to Mr. Stevens on December 27, 1967 advising him of commencement of the suit. Allstate does not deny, however, that Mr. Stevens could have received the letter.

At the hearing on the motion to set aside the default, Mr. Stevens was not called to testify although he was still in Allstate's employ.

Allstate claims that its first notice of the judgment came when it was served with a writ of garnishment in December of 1968. Default was taken on February 1, 1968. Default judgment was entered on October 9, 1968.

On February 14, 1969, defendant filed a motion to set aside the default judgment alleging lack of knowledge of the suit until November, 1968, and asserting an affirmative defense of contributory negligence on the part of plaintiff.

A hearing was held before the Honorable Philip Pratt who denied the motion. Judge Pratt stated that defendant might have had a good and valid defense but the facts remained that there was at least notice to an agent of the insurer, that the pleadings were properly served and that an additional letter was sent notifying the insurer of commencement of suit. Judge Pratt felt that plaintiffs did everything that they were required to do and that he would be abusing his discretion by setting aside the default judgment.

The sole issue on appeal is whether the trial court abused its discretion in denying defendants' motion to set aside the default judgment.

GCR 1963, 520.4, allows a trial court to set aside a default judgment in accordance with Rule 528, and upon a showing of a meritorious defense.  Subrule 528.3 provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under subrule 527.2; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

In alleging abuse of discretion by the trial judge, defendant initially relies on *Bednarsh* v. *Winshall* (1961), 364 Mich 113.  In that case defendant appealed a default judgment which was based on a claim of money due in assumpsit.  The Supreme Court held, in reversing the lower court, that affidavits filed by defendant presented a serious question of fact as to whether defendant did or did not owe the amount for which judgment was taken.  Further, the default occurred because there was a change of defense attorneys with resultant confusion which was seized upon with undue haste by plaintiff.  Thus, with the combination of a possible meritorious defense and plaintiffs' precipitate action, the Supreme Court felt compelled to set aside the default and judgment.

Yet here, as plaintiff points out, there was no changing of lawyers by defendants nor was there any undue haste since the default judgment was entered eight months after the entry of the default.

Defendant also relies on *McDonough* v. *General Motors Corporation* (1967), 6 Mich App 239, where a wrongful death action was commenced against General Motors and Unit Crane and Shovel Corporation. Default judgment was subsequently entered against Unit Crane, who appealed. It appears that the default arose because Unit Crane's insurer, Travelers Insurance Company, had misfiled this matter. An affidavit included in the motion for relief from judgment indicated that the derrick involved in the accident was not manufactured by defendant Unit Crane Co., but rather by another company.

Because of the fact that a default judgment was rendered against Unit Crane in the amount of $125,-000 when Unit Crane was not a proper party to the lawsuit, this Court was compelled to reverse.

Defendant contends that *Walters* v. *Arenac Circuit Judge* (1966), 377 Mich 37, presents a factual situation virtually indistinguishable from the case at bar. In that case, a default order was entered against defendant which was subsequently set aside by the lower court. The Supreme Court, in affirming, was decidedly split; three signed the Court's opinion, two concurred in result, and three dissented. Justice O'HARA, writing for the Court, however, captures the current trend in the law. At pages 46, 47 of *Walters,* Justice O'HARA says:

"The doctor averred he did what any reasonably prudent person would do under the circumstances when he was personally served. He turned the 'papers' over to his insurance company. We do not consider him obligated to call daily to see whether the insurer did what it had contracted and accepted

a premium to do. We find no neglect on his part disclosed by the record before us.

"The culpable negligence was that of the involved insurer. The question is then whether that negligence of the unnamed defendant liability insurer, should be imputed to and be conclusive upon the defendant doctor.

"We recognize that in the realities of this situation, irrespective of the named defendant, the real defendant, to the extent of the policy provisions, was the insurer. This conclusion is record-supported by the fact that when counsel received the term calendar showing the named doctor-defendant to be in default, he communicated not with the doctor but with his insurer. It seems an inescapable conclusion that the insurer directed the communicating counsel to appear and answer.

"On the merits of the main case, the doctor-defendant may have been blameless beyond question. He may have been in legal dimension answerable. The question is not before us. It has not been meritoriously litigated under our system of determination of that issue.

"The trend of our jurisprudence is toward meritorious determination of issues. The complexities of our economic system placed the named defendant-doctor in the position of having no way to reach trial on the merits because his insurer was negligent. The money judgment, if such resulted, might have to be paid in full or in part by the insurer. Absent doing violence to the rules of the jurisprudential game, we think the doctor should be entitled to his day in court.

"By this holding we would not be understood to dilute the well-settled law of this jurisdiction that the neglect of a personally served defendant, nor that of his counsel, may not ordinarily be grounds for setting aside a default regularly entered. See *White* v. *Sadler, supra,* at p 522.

"However, plaintiffs, too, who proceeded in the prescribed manner should not be penalized by rea-

son of the insurer's negligence. Having concluded that the insurer selected and retained the doctor's counsel, we conclude it will likewise be obligated to pay the counsel fees and costs arising out of the litigation.

"We conclude that the circuit court did not abuse its discretion in setting aside the default."

Although we agree with the defendant that the "trend of our jurisprudence is towards meritorious determination of issues" (*Walters, supra,* p 47), we conclude, given the facts and circumstances here presented, that the trial court did not abuse its discretion in refusing to set aside the default judgment. See *Hartman* v. *Roberts-Walby Enterprises, Incorporated* (1969), 17 Mich App 724, 726.

In deciding as we do, we consider the words of Justice O'HARA's opinion in *Walters, supra,* at p 47 to be crucial:

"We approved in *Crew* v. *Zabowsky,* 357 Mich 606, 610, the language in *Kirn* v. *Ioor,* 266 Mich 335, 338:

" 'It is long-settled textbook law, sustained by abundant decisions in this Court and elsewhere that, in cases within jurisdiction of the trial court, its ruling on application for an order setting aside a judgment or decree is strictly discretionary and will not be disturbed by an appellate court, unless a clear instance of abuse of discretion is shown.'

"The scope of review of an order setting aside only a default is certainly no greater than that of an order setting aside a judgment or decree."

Finding no clear abuse of discretion in the trial court's refusal to set aside the default judgment, we affirm.

Affirmed. Costs to plaintiff.

All concurred.