ASMUS *v.* BARRETT

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—DISCRETION— COURT RULE.

    A default judgment may be set aside by a trial judge in his discretion only when three conditions are fulfilled: (1) good cause for failure to make timely response is shown, (2) a meritorious defense is established, and (3) the showing of a meritorius defense is based on an affidavit of facts (GCR 1963, 520.4).

2. JUDGMENT — DEFAULT JUDGMENT — SETTING ASIDE — AFFIDAVIT — MERITORIOUS DEFENSE — DISCRETION.

    An affidavit by defense counsel who had no personal knowledge of the facts and who did not state the basis or source of his information need not be accepted by a trial judge as a sufficient showing of a meritorious defense for setting aside a default judgment.

3. JUDGMENT — DEFAULT JUDGMENT — AFFIDAVIT — MERITORIOUS DEFENSE — ALLEGATION OF FACT — COURT RULE.

    A statement in an affidavit purportedly showing a meritorious defense to a default judgment that stated further examination and testing "could possibly reveal" a defective product cannot be considered an allegation of fact establishing meritorious defense as required by the court rule (GCR 1963, 520.4).

4. JUDGMENT—DEFAULT JUDGMENT—NEGLIGENCE OF INSURER—IMPUTATION—VACATION.

    The negligence of an insurer in mishandling suit papers can be imputed to its insured in deciding whether to vacate a default

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 46 Am Jur 2d, Judgments § 740.
[4] 44 Am Jur 2d, Insurance §§ 2082, 2083.
    Failure of liability insurance, after notification, to defend suit against insured, as warranting opening default against insured on grounds of inadvertence or excusable neglect. 87 ALR2d 870.
[5] 20 Am Jur 2d, Courts §§ 129, 137.
[6] 53 Am Jur, Trial § 95.
[7] 53 Am Jur, Trial § 1122.

entered against the insured because otherwise the insurance company would have an automatic right to vacate a default judgment.

5. COURTS—SUPERINTENDING CONTROL—COURT OF APPEALS—STAY OF PROCEEDINGS.

The mere filing of a complaint for superintending control in the Court of Appeals does not operate to stay lower court proceedings.

6. TRIAL—ABSENCE OF COUNSEL—ADMISSION OF EVIDENCE—DISCRETION—COURT RULE.

Reception of testimony and evidence in the absence of defendants' attorney was not an abuse of the trial judge's discretion where defendants' counsel failed to appear at a regularly scheduled and properly noticed hearing to determine damages in a negligence action in which defendants' default had been entered and the court had made an effort to locate the attorney (GCR 1963, 503.1).

7. TRIAL—DEFAULT—JURY—WAIVER—FORFEITURE—COURT RULES.

A defaulted defendant has no right to a jury trial because either he has waived that right by failure to make a timely demand, or he has forfeited his right to a contested trial by the acts constituting a default (GCR 1963, 508).

Appeal from Saginaw, Joseph R. McDonald, J. Submitted Division 3 December 10, 1970, at Grand Rapids. (Docket No. 8031.) Decided February 17, 1971.

Complaint by Elaine H. Asmus and Harold K. Asmus against Edward D. Barrett and Bruce J. Wieland for personal injuries received in an automobile accident. Default judgment for plaintiffs. Defendants appeal. Affirmed.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *William D. Booth* and *Joel S. Morse*), for defendants.

Before: Fitzgerald, P. J., and Quinn and Mc-Intyre,* JJ.

McIntyre, J.   On March 14, 1969, plaintiffs' automobile collided with a trailer owned by the Barrett Advertising Company.   The trailer had broken loose from a tractor driven by Bruce J. Wieland, an employee of the company, crossed the centerline and struck plaintiffs' car.   Mrs. Asmus, a passenger in the car driven by her husband, suffered a fracture of the first lumbar vertebra.   Mr. Asmus was not injured.

Plaintiffs filed suit on April 29, 1969; a default judgment was entered and plaintiffs were awarded damages.

Defendants raise four points on appeal:

First, defendants claim that the trial court's refusal to set aside the default was an abuse of discretion.   Second, the trial court erred in taking testimony as to damages without defendants' counsel present to cross-examine plaintiffs' witnesses.   Third, the trial court erred in refusing to impanel a jury to determine damages.   Fourth, the damages awarded to plaintiffs are excessive.

I

Defendants were duly served on May 1.   Defendants forwarded the suit papers to their insurance company.   On June 9, 1969, a default was entered.   On June 19, attorneys for defendants filed a motion to set aside the default.   That motion was argued on June 23 and denied on July 29 for failure to establish a meritorious defense.

In support of their motion to set aside the default defendants submitted an affidavit by Mr. James Eaker, new claims manager for defendants' insur-

* Circuit judge, sitting on the Court of Appeals by assignment.

ance company. In that affidavit Mr. Eaker stated that, because of the resignation of the Detroit office's claims manager, claims representative, and the only two typists in the claims department, the company's office was manned with temporary help at the time the suit papers arrived. Because of the temporary help's unfamiliarity with office procedure, the suit papers, received from the Flint office on May 5, were not cleared by the Detroit office and forwarded to the company's attorneys until June 9. An answer was filed on June 16, and a set of interrogatories was sent to plaintiffs.

A second affidavit was submitted by defendants' attorneys. That affidavit attempted to establish a meritorious defense. It was stated: (1) that the truck was being driven "within the legal speed limit"; (2) that "the flatbed trailer was attached to the truck by defendants' employees, and that said trailer was properly hooked, fastened, and secured by said employees"; (3) that the truck and trailer had been used for a period of several years without any previous difficulty; (4) that defendants had no reason to believe the trailer hitch was defective due to imperfections in the manufacturing process; and (5) that further examination and testing "could possibly reveal that such trailer hitch was defective due to imperfections in the manufacturing process".

Defendants claim that for four reasons the trial judge abused his discretion when he refused to set aside the default: (1) the personnel problems in the insurance company's local office constituted good cause for failure to make a timely response to plaintiffs' complaint; (2) defendants did present to the court an affidavit setting forth a meritorious defense; (3) the negligence of defendants' insurance company should not be imputed to defendants; and

(4) the default was entered only 40 days after the complaint was filed.

We assume, but do not decide, that the personnel problems in the insurance company's office did constitute good cause for defendants' failure to make timely response to plaintiffs' complaint. However, a default "may" be set aside only when three conditions are all fulfilled. First, good cause for failure to make timely response must be shown. Second, a meritorious defense must be established. Third, the showing of a meritorious defense must be based on an "affidavit of facts". GCR 1963, 520.4. Whether these three conditions are fulfilled is a matter within the discretion of the trial judge. *Walters* v. *Arenac Circuit Judge* (1966), 377 Mich 37, 47; *Freeman* v. *Remley* (1970), 23 Mich App 441.

In this case the affidavit submitted by defendants' attorneys concerning a meritorious defense does not satisfy GCR 1963, 520.4. Since that affidavit was not based on the affiant's personal knowledge of the facts and did not state the basis or source of his information, the trial judge did not abuse his discretion when he refused to find that defendants had properly presented a meritorious defense. *Hartman* v. *Roberts-Walby Enterprises, Inc.* (1969), 17 Mich App 724. We further hold that the allegations of the affidavit, even if accepted and believed, did not establish a meritorious defense. The statement that further examination and testing "could possibly reveal that such trailer hitch was defective due to imperfections in the manufacturing process" certainly cannot be considered an allegation of fact. The other relevant allegations are merely conclusions.

In *Freeman* v. *Remley, supra,* this Court ruled by implication that the negligence of an insurer can and would be imputed to the insured. To hold

otherwise would be to grant insurance companies an automatic right to vacation of all default judgments.

The trial judge's refusal to vacate the default judgment was not an abuse of discretion.

## II

On June 9, attorneys for plaintiffs sent notice to defendants that a hearing to enter default judgment would be held on June 30. On June 19, defendants filed a motion to set aside the default. Because of the pendency of that motion, the hearing scheduled for June 30 was postponed without date. Defendants' motion was denied on July 29. On July 30, counsel for plaintiffs gave notice that the postponed hearing had been rescheduled for August 4. Defendants and their counsel failed to appear on August 4. After attempting to locate defendants' attorney, the trial court proceeded to receive testimony from Mr. and Mrs. Asmus and to receive various exhibits into evidence.

On August 7, plaintiffs notified defendants that the hearing as to damages would resume on August 18. Between the two hearings defendants changed attorneys. Because no formal substitution of attorneys had been received, the August 7 notice was to both the old and new attorneys. On August 18 defendants' new attorney notified the court he would be 15 minutes late. When he failed to appear for half an hour, the court proceeded to receive medical testimony. Sometime during the direct examination of the plaintiffs' physician, defendants' attorney entered the courtroom. He did not identify himself. His presence was called to the court's attention by the plaintiffs' attorney. Defendants' attorney did not request permission to cross-examine the physician, who was still on the witness stand, nor did he make any effort to cross-examine. In

fact, defendants' attorney refused to cross-examine, when offered the opportunity to do so by the court. He stated:

"I'm not sure that I do have a standing to cross-examine the doctor; however, I do appreciate the court's comment."

On August 12, defendants petitioned this Court to stay the proceedings in circuit court. That motion was denied on August 25.

Defendants claim on this appeal that the hearings of August 4 and 18 should be declared null and void for three reasons: (1) it was an abuse of discretion for the court to receive testimony and evidence as to damages without the presence of defendants' counsel; (2) defendants did not have the statutorily required seven days' notice of the first hearing; and (3) it was an abuse of discretion to conduct the hearings inasmuch as this Court had not yet responded to defendants' complaint for a writ of superintending control to stay the proceedings. We find no merit in any of defendants' claims.

If the mere filing of a complaint in this Court operated to stay lower court proceedings, it would be possible to indefinitely delay settlement of litigation.

GCR 1963, 520.2(2), does not require that a defaulted defendant be given at least seven days' notice of hearing to enter default judgment. Defendants clearly had sufficient notice of the August 18 hearing. A hearing to enter default judgment was first scheduled for June 30, but was postponed because of defendants' motion to set aside the default. Defendants were given notice of that first hearing on June 9. The hearing was rescheduled for August 4 and notice thereof was given on July 30. In effect, defendants had six weeks' notice of the first hearing. Since the obvious purpose of

GCR 1963, 520.2(2), is to give defaulted defendants ample warning and opportunity to prepare a response, that rule was not violated in this case.

Because defendants' counsel failed to appear at a regularly scheduled and properly noticed hearing, it was not an abuse of discretion for the trial judge to receive testimony and evidence in his absence, especially when the court first made an effort to locate the attorney. *Cf. Denton* v. *Pettycrew* (1965), 374 Mich 453; GCR 1963, 503.1.

## III

On August 7 defendants demanded a jury trial to determine damages. On August 25, the trial court denied the demand. Defendants' counsel made no objection thereto. In fact, he stated to the court that filing for a jury trial had been made by someone else in his office and that he realized his clients had no right thereto.

Defendants now urge on appeal that the 1963 Michigan Constitution guarantees defendants a jury determination of damages.

In light of counsel's failure to object to the denial of the demand for a jury trial, this Court need not consider the point. However, the law on this point is clear. A defaulted defendant has no right to a jury trial. Either he has waived that right by failure to make a timely demand (see GCR 1963, 508), or he has forfeited his right to a contested trial by the acts constituting a default. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 659.

## IV

Mrs. Asmus, a 40-year-old mother of three, suffered a fracture of the first lumbar vertebra. She was hospitalized for 18 days. Her hospital treat-

ment included a lumbar-sacral belt, pelvic traction for 16 days, and muscle relaxants and sedation. She also wore a back brace for approximately four months. Mrs. Asmus was unable to return to work as a clerk-typist until September of 1969. She had to turn down two job offers because of her injury. Mrs. Asmus' lost wages totaled approximately $2,000.

There were no torn ligaments, and because of the place of the break, plaintiffs' physician did not anticipate the complication of a herniated disc. The doctor expected Mrs. Asmus to experience periodic discomfort upon awakening in the morning and after sitting or standing in a single position for an extended period of time. The doctor testified that her back pain would become less frequent within 12 to 18 months. Mrs. Asmus will suffer from permanent, but mild, arthritis.

Mr. Asmus was not injured in the collision. However, he was examined in the emergency room of a local hospital, his glasses were broken, and the family car was totally destroyed. It was necessary to rent a car for a while. Mr. Asmus paid his wife's medical expenses and hired temporary help to aid with the housework. His out-of-pocket expenses were approximately $3,100.

The trial court awarded Mrs. Asmus damages of $35,000. Mr. Asmus received an award of $6,000. Defendants claim both of those awards are excessive.

It is axiomatic that a damage award will not be set aside as excessive unless it is so grossly disproportionate to the injury suffered as to shock the sense of justice and indicate that it is based upon passion or prejudice.

The $6,000 award to Mr. Asmus does not shock the conscience of this Court. An award of approx-

imately $5,400 for loss of consortium is not excessive.

The award to Mrs. Asmus in the sum of $35,000 is conceivably within the scope of the evidence and does not shock the conscience of this Court.

Affirmed, with costs to plaintiffs.

All concurred.