VAN HAAFTEN v MILLER-DAVIS COMPANY

OPINION OF THE COURT

1. JUDGMENT—DEFAULT JUDGMENT—MOTION TO SET ASIDE—DISCRETION.

   Denial of a defendant's motion to set aside a default and a default judgment in a personal injury negligence action was not an abuse of discretion where the defendant conceded liability, a review of the record discloses evidentiary support for the damages awarded, and an award of $20,000 to an 85-year-old woman, who in addition to pain and suffering had to give up many of the things she enjoyed doing in retirement, does not shock the conscience of the Court of Appeals.

DISSENT BY J. H. GILLIS, J.

2. JUDGMENT—DEFAULT JUDGMENT—MOTION TO SET ASIDE—DISCRETION—COURT RULES.

   *Failure to set aside a default and a default judgment in a personal injury negligence action was an abuse of discretion where good cause for failure of the defendant to make timely response was shown in that the defendant's insurance carrier mislaid the summons and complaint until after the default judgment had been entered, where, despite an admission of liability, defendant had a meritorious argument that the damages assessed were substantially prejudicial, and where the required affidavit of facts was filed (GCR 1963, 520.4).*

3. DAMAGES—EXCESSIVE DAMAGES—EVIDENCE.

   *An award of damages of $20,000 in a personal injury negligence action was not justified by the evidence and shocks the judicial conscience where the plaintiff claimed about $200 in medical expenses and an impairment of retirement activity, but showed no loss of wages nor other out-of-pocket expenses.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 46 Am Jur 2d, Judgments § 682.
[3] 22 Am Jur 2d, Damages § 363 *et seq.*

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 May 8, 1974, at Grand Rapids. (Docket No. 17806.) Decided June 26, 1974. Leave to appeal denied, 392 Mich 792.

Complaint by Elizabeth Van Haaften against Miller-Davis Company for damages resulting from negligence. Default judgment for plaintiff. Defendant's motion to set aside the default judgment denied. Defendant appeals. Affirmed.

*Troff, Lilly, Piatt, File & Doyle,* for plaintiff.

*Smith, Haughey, Rice, Roegge & Gould* (by *Lance R. Mather),* for defendant.

Before: ALLEN, P. J., and J. H. GILLIS and QUINN, JJ.

QUINN, J. Defendant appeals from the July 9, 1973 order of the trial court which denied defendant's motion to set aside a default and default judgment entered against it in this personal injury negligence action. In the trial court and here, defendant admits liability and only desires to contest the amount of damages.

November 4, 1970, plaintiff was injured. Negotiations for settlement between plaintiff's attorney and defendant's insurer failed, and plaintiff's action was filed December 29, 1972. January 2, 1973, copies of the summons and complaint were served on defendant who forwarded them to the local agent of defendant's insurer. January 3, 1973, the local agent mailed the papers to the Grand Rapids claims office of defendant's insurer which received them January 5, 1973. Apparently, someone in the latter office misplaced the papers. In any event, defendant's insurer took no further action until June 1973.

January 29, 1973, plaintiff filed defendant's default and April 11 and 20, 1973, plaintiff presented proofs in support of her claim. At the conclusion of proofs, the trial court found for plaintiff in the amount of $20,000 and costs, and judgment pursuant thereto entered April 24, 1973.

June 14, 1973, the claims manager of defendant's insurer's Grand Rapids office first learned of plaintiff's default judgment in a conversation with her attorney. June 19, 1973, defendant moved to set aside the default and default judgment. This motion was argued June 25, 1973 and it was denied. An order of denial entered July 9, 1973.

In spite of the seven points raised in defendant's brief on appeal, we perceive only one decisional issue. Did the trial court clearly abuse its discretion in denying defendant's motion to set aside the default and default judgment?

This case is not similar to *Walters v Arenac Circuit Judge,* 377 Mich 37; 138 NW2d 751 (1966), which contained no controlling language in any event. Here we have a default judgment and admitted liability. *Walters, supra,* involved only a default and a probable contest over liability.

The case at bar more nearly resembles *Asmus v Barrett,* 30 Mich App 570; 186 NW2d 819 (1971). In *Asmus,* the trial court refused to set aside a default judgment for failure to establish a meritorious defense and the trial court was affirmed by this Court. Here, defendant concedes liability.

For us to find a clear abuse of discretion on the part of the trial judge, the record must lack evidentiary support for the damages awarded, or the award must be one that shocks our conscience. Our review of the record discloses evidentiary support for the damages awarded.

Plaintiff was 85 years old and in good health

when injured. She was enjoying an active retirement. In addition to pain, suffering and discomfort, treating with a doctor for nearly a year, purchasing and taking pain remedies and tranquilizers, wearing a cervical collar, plaintiff had to give up many of the things she enjoyed doing in retirement. The evidence indicates that her activities will be curtailed in the future because the injury she suffered aggravated a condition brought on by her age. Activity as opposed to inactivity for a retired person is as difficult to measure in dollars and cents as is pain and suffering, but an award of $20,000 in this case in 1973 does not shock our conscience.

Affirmed with costs to plaintiff.

ALLEN, P. J., concurred.

J. H. GILLIS, J. *(dissenting).* The majority indicates that *Walters v Arenac Circuit Judge,* 377 Mich 37; 138 NW2d 751 (1966), is dissimilar and contains no controlling language. I disagree. Here, defendant forwarded the summons and complaint to its local insurance agent, which thereafter forwarded the papers to the insurer. Apparently because of careless office procedures, the summons and complaint lay undiscovered in a desk drawer until after a $20,000 default judgment had been rendered. The facts of both cases are parallel.

In *Walters,* ruling that the circuit court did not abuse its discretion in setting aside the default, Justice O'HARA sensibly concludes at 46–47:

"The doctor averred he did what any reasonably prudent person would do under the circumstances when he was personally served. He turned the 'papers' over to his insurance company. We do not consider him obligated to call daily to see whether the insurer did what it had contracted and accepted a premium to do.

We find no neglect on his part disclosed by the record before us.

"The culpable negligence was that of the involved insurer. *The question is then whether that negligence of the unnamed defendant liability insurer, should be imputed to and be conclusive upon the defendant doctor.*

"We recognize that in the realities of this situation, irrespective of the named defendant, the real defendant, to the extent of the policy provisions, was the insurer. This conclusion is record-supported by the fact that when counsel received the term calendar showing the named doctor-defendant to be in default, he communicated not with the doctor but with his insurer. It seems an inescapable conclusion that the insurer directed the communicating counsel to appear and answer.

"On the merits of the main case, the doctor-defendant may have been blameless beyond question. He may have been in legal dimension answerable. The question is not before us. It has not been meritoriously litigated under our system of determination of that issue.

"*The trend of our jurisprudence is toward meritorious determination of issues.* The complexities of our economic system placed the named defendant-doctor in the position of having no way to reach trial on the merits because his insurer was negligent. The money judgment, if such resulted, might have to be paid in full or in part by the insurer. Absent doing violence to the rules of the jurisprudential game, *we think the doctor should be entitled to his day in court.*

"By this holding we would not be understood to dilute the well-settled law of this jurisdiction that the neglect of a personally served defendant, nor that of his counsel, may not ordinarily be grounds for setting aside a default regularly entered. See *White v Sadler, supra,* at p·522." (Emphasis supplied.)

*Walters, supra,* without doing violence to *White v Sadler,* 350 Mich 511; 87 NW2d 192 (1957), concludes that the neglect of the insurance carrier

intermediary can be grounds to set aside a regularly entered default.

I do not see the majority's manner of distinguishing *Walters, supra,* as decisionally relevant. The insurance carrier's loss of papers can be excusable neglect within the meaning of the court rule. To the extent *Freeman v Remley,* 23 Mich App 441; 178 NW2d 816 (1970), concludes otherwise, I decline to follow it.

Applying *Asmus v Barrett,* 30 Mich App 570; 186 NW2d 819 (1971), I reach an opposite conclusion than the majority. *Asmus* provides at 574:

"We assume, but do not decide, that the personnel problems in the insurance company's office did constitute good cause for defendants' failure to make timely response to plaintiffs' complaint. However, a default 'may' be set aside only when three conditions are all fulfilled. First, good cause for failure to make timely response must be shown. Second, a meritorious defense must be established. Third, the showing of a meritorious defense must be based on an 'affidavit of facts.' GCR 1963, 520.4. Whether these three conditions are fulfilled is a matter within the discretion of the trial judge. *Walters v Arenac Circuit Judge,* 377 Mich 37, 47; 138 NW2d 751, 754 (1966); *Freeman v Remley,* 23 Mich App 441; 178 NW2d 816 (1970)."

Judge QUINN concludes that admission of liability precludes a meritorious defense. I do not. If the court rule intended the majority result, the language should have provided: "A meritorious defense on the issue of liability must be presented". Why is the meritorious *defense* requirement included? Honigman & Hawkins explain:

"Formerly, when a default was attacked because of such procedural irregularities it was held that the requirement of an affidavit of merits was not applicable. *Flewelling v Prima Oil Co,* 291 Mich 281; 289 NW 160

(1939). The new rule, however, literally requires an affidavit of facts showing a meritorious defense in every case except when the motion to set aside a default is grounded on want of jurisdiction over defendant. Subrule 520.4. This is in keeping with the underlying spirit of the new rules, that errors in procedure will vitiate judicial action only if the substantial rights of the parties have been prejudiced thereby. See Rules 13, 110.3, and 529.1. Thus, *if the court had jurisdiction over defendant, even though there may have been a clear defect or irregularity in the proceedings leading up to the default, if the defendant has no basis upon which to make a defense against the action, no substantial injustice was done by entry of the default judgment and it may not be set aside.*" 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 663. (Emphasis supplied.)

The term "defense" ordinarily extends to both liability and damages. Admission of fault does not automatically yield admission of damages. Further, I think defendant's argument as to damages assessed reveals substantial prejudice. That showing satisfies the court rule's intendment.

The third requirement, an affidavit of facts, was met and needs no further discussion.

Error arose in these circumstances. The judge abused his discretion in failing to set aside the default.

While the plaintiff in this case is deserving of our sympathy, my judicial conscience is shocked by this award. Plaintiff can point to about $200 in medical expenses and an impairment of retirement activity. She lost no wages, nor suffered other out-of-pocket expenses. I cannot justify a $20,000 award on this evidence and would overturn it. Moreover, appellant's statement of facts contains the following: "A motion to set aside the default * * * was filed * * * [and] defendant filed

an offer of judgment for $7,000, the highest figure plaintiff or her attorney had ever sought in settlement". This was not denied in the counterstatement of facts.

Inasmuch as liability is not seriously questioned and the only error appears to be the excessiveness of the judgment, the motion to set aside the default judgment should be denied on condition that within ten days the plaintiff-appellee consents in writing to the entry of judgment in the amount of $7,000. If such written consent is not filed, the motion to set aside the default judgment should be granted.