FEDERSPIEL v BOURASSA

Docket No. 82531. Submitted January 9, 1986, at Lansing. Decided May 19, 1986.

Larry M. Federspiel was riding a motorcycle when he was struck by a vehicle being driven by Gerald Bourassa. Federspiel suffered severe injuries as a result of the collision and filed suit against Bourassa and Marcia N. Holland, doing business as Village Inn, in Bay Circuit Court alleging that Bourassa's negligence caused the collision and that Bourassa had been served intoxicating beverages prior to the collision by one of Holland's employees at the Village Inn in violation of the dramshop act. A settlement was reached between Federspiel and Bourassa. Holland forwarded her copy of the summons and complaint to the insurance company through which she had purchased her dramshop liability insurance. Approximately one year later, the case was placed on the no-progress docket and, on the same day, a default was entered against Holland. Plaintiff then filed a motion for entry of default judgment. The court, John X. Theiler, J., granted the motion and entered a default judgment against defendant Holland in the amount of $200,000. Holland, unaware of the default, received notice of the default judgment. She obtained counsel and filed a motion to set aside the default judgment, which was granted. Defendant then moved for summary judgment on the ground that plaintiff would be unable to prove at trial that Bourassa was intoxicated at the Village Inn or at the scene of the accident. The court granted summary judgment in favor of defendant Holland and entered an order dismissing the action. Plaintiff appealed, contending that the trial court erred in setting aside the default judgment because defendant failed to show good cause to have the judgment set aside or excusable neglect sufficient to relieve defendant from the judgment. *Held:*

1. The failure of defendant's insurance agents and insurance

REFERENCES

Am Jur 2d, Judgments §§ 682, 686, 691, 701, 718, 1158-1160.
What constitutes "good cause" allowing federal court to relieve party of his default under Rule 55(c) of Federal Rules of Civil Procedure. 29 ALR Fed 7.
See also the annotations in the ALR3d/4th Quick Index under Default Judgment.

company to provide her with representation prior to the entering of the default judgment constituted excusable neglect under the circumstances of this case. Defendant should not be denied her day in court because of the insurer's excusable negligence in processing her claim.

2. Manifest injustice would result if the default judgment were permitted to stand. The evidence established that Bourassa was not intoxicated at the time of accident, and the trial court granted summary judgment in favor of defendant Holland on that basis.

Affirmed.

1. MOTIONS AND ORDERS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT — APPEAL.

A trial court's decision whether or not to set aside a default judgment is discretionary and will not be set aside on appeal unless a clear abuse of discretion is shown.

2. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT.

The good cause requirement for setting aside a default judgment includes: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

3. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT — EXCUSABLE NEGLECT.

Excusable neglect sufficient to justify the setting aside of a default judgment was shown where the defendant in a dramshop action timely notified her insurance agent of the action against her and relied upon the insurer to provide a defense to the action but the insurer in the meantime had gone out of business and the Special Risks Facility which began handling the former insurer's claims, despite diligent efforts on the part of all concerned, did not receive notice of the action until after the default judgment had been entered, whereupon it promptly provided representation and moved to have the default judgment set aside.

*Burns & Burkhart, P.C.* (by *Thomas D. Burkhart*), for plaintiff.

*McGraw & Borchard, P.C.* (by *Joseph S. Harrison*), for defendant.

Before: Wahls, P.J., and MacKenzie and R. L. Tahvonen,* JJ.

R. L. Tahvonen, J. Following entry of an order of summary judgment and dismissal on December 21, 1984, in favor of defendant Marcia N. Holland, doing business as Village Inn, plaintiff, Larry Federspiel, appeals as of right from an April 19, 1982, order setting aside a default judgment against defendant. We are asked to decide whether the lower court erred in setting aside the default judgment based on excusable neglect and good cause. We hold that it did not err, and affirm the lower court's decision to set aside the default judgment.

This cause of action had its genesis in a collision which occurred on May 1, 1980, in Linwood, Michigan. Plaintiff, driving a motorcycle, was hit by an automobile driven by defendant Gerald Bourassa, who is not a party to this appeal.[1] Plaintiff, who suffered severe injuries as a result of the collision, filed a complaint in circuit court on February 18, 1981, alleging that Bourassa's negligence caused the collision and further that Bourassa had been served intoxicating beverages prior to the collision by one of defendant Marcia Holland's employees at the Village Inn, in violation of the dramshop act, MCL 436.22; MSA 18.993.

While defendant was personally served on February 23, 1981, no attorney ever filed an appearance on her behalf. Defendant had forwarded the summons and complaint to James Burke of Provo Insurance Agency, through whom she had purchased her dramshop liability insurance policy.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Bourassa was personally served with a summons and complaint. His attorney entered an appearance on his behalf and a settlement was reached between plaintiff and Bourassa.

She believed that Burke had given the summons and complaint to Lakeside Underwriters, the insurance broker through whom Burke had obtained the policy.

The case was placed on the no-progress calendar on January 27, 1982. Plaintiff moved on February 26, 1982, to remove the case from the no-progress docket. On the same day, a default was entered against defendant and plaintiff filed a motion for entry of default judgment. The circuit court granted the motion and entered a default judgment against defendant in the amount of $200,000.

Defendant, who knew nothing of the default, received a copy of the default judgment in May, 1982. By June, 1982, defendant had legal representation. She filed a motion to set aside the default judgment on June 21, 1982, premised on GCR 1963, 520.4 and 528.3, the applicable court rules at the time. Following a hearing held on August 16, 1982, the circuit court granted defendant's motion in an oral opinion delivered from the bench. An order was entered on August 31, 1982, setting aside the default judgment on payment of costs and attorney fees and on the condition that Bourassa be dismissed. Both parties' applications for leave to appeal were denied.

Defendant moved for summary judgment on October 18, 1984, pursuant to GCR 1963, 117.2(3), contending that plaintiff would be unable to prove at trial that Bourassa was intoxicated at the Village Inn or at the scene of the accident. The circuit court granted the motion in an oral opinion and entered an order dismissing the cause of action on December 21, 1984.

Plaintiff submits on appeal that the lower court erred in setting aside the default judgment because defendant failed to show good cause or excusable neglect.

GCR 1963, 520.4 provided that a trial court could set aside a default judgment in accordance with GCR 1963, 528 upon a showing of good cause and where an affidavit of facts is filed showing a meritorious defense. GCR 1963, 528.3 allowed a court to relieve a party from a final judgment for excusable neglect. On appeal, plaintiff does not challenge the lower court's finding that defendant had raised a meritorious defense.

Plaintiff does dispute the trial court's finding that the failure of defendant's insurance agents and insurance company to provide her with representation constituted excusable neglect under GCR 1963, 528.3 and good cause under GCR 1963, 520.4. As the lower court's decision as to whether a default judgment should be set aside is discretionary, we will not reverse such a decision unless a clear abuse of discretion has been shown. *Jones v Philip Atkins Construction Co,* 143 Mich App 150, 161; 371 NW2d 508 (1985). Here, we discern no abuse of discretion.

The good cause requirement for setting aside a default judgment includes: (1) a substantial defect or irregularity in the proceedings upon which the default was based; (2) a reasonable excuse for failure to comply with the requirements which created the default; (3) some other reason showing that manifest injustice would result from permitting the default to stand. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Comments, p 662; *Jones, supra,* pp 161-162; *Daugherty v State of Michigan (After Remand),* 133 Mich App 593, 597-598; 350 NW2d 291 (1984). We think the facts of this case establish the good cause requirement for setting aside the default.

The insurer's failure to timely answer plaintiff's complaint on defendant's behalf occurred through the following sequence of events. Upon being

served with the summons and complaint on February 23, 1981, defendant turned the pleadings over to her agent, Burke, of Provo Insurance Agency. Burke, unaware that the insurance broker, Lakeside, had gone out of business prior to December 1, 1980, forwarded the pleadings to Lakeside. In the meantime, Special Risks Facility of Troy opened an office in St. Joseph and began handling claims previously handled by Lakeside. John Klebba of Special Risks alleged in an affidavit that a diligent search of Lakeside's files at Special Risks revealed no reference to any claim against defendant. Klebba first became aware of the claim on or about June 14, 1982, when he received correspondence from Burke, which had been addressed to Lakeside. Special Risks immediately reported the claim against defendant to the insurer, Stonewall Insurance Company. Roger Richards, a Stonewall claims adjuster, stated that defendant was insured by Stonewall from May 7, 1979, until May 7, 1980, but that he had no notice of a claim against defendant until June, 1982, when he received a copy of a letter addressed to Lakeside from Burke. Richards obtained representation for defendant by June 16, 1982. Defendant was unrepresented prior to that time, but believed that her interests were being protected under her Stonewall policy.

Michigan lacks definitive case law on the issue of whether an insurer's or its intermediaries' negligence ought to be imputed to the insured to preclude a finding of "excusable neglect" and "good cause." We adhere to the reasoning employed in *Walters v Arenac Circuit Judge,* 377 Mich 37; 138 NW2d 751 (1966), where a divided Supreme Court affirmed the trial court's order setting aside a regularly entered default where the insurer had misfiled the summons and defendant was defaulted within twenty-eight days of service. In a

separate opinion, Justice O'HARA, joined by Justices DETHMERS and KELLY, concluded that the culpable negligence of the insurer should not be imputed to the insured, a doctor, and that the circuit court did not abuse its discretion in setting aside the default:

> *The doctor averred he did what any reasonably prudent person would do under the circumstances when he was personally served. He turned the "papers" over to his insurance company. We do not consider him obligated to call daily to see whether the insurer did what it had contracted and accepted a premium to do.* We find no neglect on his part disclosed by the record before us.
>
> The culpable negligence was that of the involved insurer. The question is then whether that negligence of the unnamed defendant liability insurer, should be imputed to and be conclusive upon the defendant doctor.
>
> We recognize that in the realities of this situation, irrespective of the named defendant, the real defendant, to the extent of the policy provisions, was the insurer. This conclusion is record-supported by the fact that when counsel received the term calendar showing the named doctor-defendant to be in default, he communicated not with the doctor but with his insurer. It seems an inescapable conclusion that the insurer directed the communicating counsel to appear and answer.
>
> On the merits of the main case, the doctor-defendant may have been blameless beyond question. He may have been in legal dimension answerable. The question is not before us. It has not been meritoriously litigated under our system of determination of that issue.
>
> *The trend of our jurisprudence is toward meritorious determination of issues.* The complexities of our economic system placed the named defendant-doctor in the position of having no way to reach trial on the merits because his insurer was negligent. The money judgment, if such resulted, might

have to be paid in full or in part by the insurer. Absent doing violence to the rules of the jurisprudential game, *we think the doctor should be entitled to his day in court.*

By this holding we would not be understood to dilute the well-settled law of this jurisdiction that the neglect of a personally served defendant, nor that of his counsel, may not ordinarily be grounds for setting aside a default regularly entered. [Citation omitted and emphasis supplied. 377 Mich 46-47.]

We are impressed with the logic of this language from *Walters,* notwithstanding subsequent cases from this Court which have diluted its impact.[2] Although *Walters* is not controlling precedent, we follow its well-reasoned approach to the problem at hand.

The insured defendant in the present situation should not be denied her day in court because of the insurer's negligence in processing her claim. Moreover, we believe Stonewall's failure to answer for or defend defendant was the culmination of events which amounted to excusable neglect.

---

[2] See *Freeman v Remley,* 23 Mich App 441; 178 NW2d 816 (1970), where the defendant's motion to set aside a default was denied where the insurer had notice of proper service of pleadings, but ignored it. This Court affirmed because it found no clear abuse of discretion. The Court considered *Walters* but did not apply it to the facts and circumstances of *Freeman.* In *Asmus v Barrett,* 30 Mich App 570, 574-575; 186 NW2d 819 (1971), the Court noted that the Court in *Freeman* had ruled by implication that the insurer's negligence can be imputed to the insured. The defendant in *Asmus,* however, had no meritorious defense, unlike the situation in the present case. In *Van Haaften v Miller-Davis Co,* 54 Mich App 186; 220 NW2d 752 (1974), lv den 392 Mich 792 (1974), the insurer's claims office misplaced the defendant's summons and complaint and a default judgment was entered. This Court upheld the trial court's denial of the motion to set aside the default because the defendant conceded liability. These three cases are distinguishable from the situation herein. In *Freeman,* the insurer was reckless in ignoring notice of the suit and this court upheld the trial court's exercise of discretion in denying the motion to set aside the default. In both *Asmus* and *Van Haaften,* the defendants lacked a meritorious defense, which is not the case here.

Stonewall lacked notice of the claim until two months after the entry of the default judgment because of the substantial reorganization of Lakeside by Special Risks. While it is unknown what happened to Burke's letter, it is conceivable that the letter, mailed February 27, 1981, was misplaced. Each party involved acted diligently in attempting to process defendant's claim upon learning of it, and upon learning of the default judgment. These facts present good cause for setting aside the default judgment.[3]

We also believe manifest injustice would result were this default judgment permitted to stand. The evidence established, and plaintiff did not dispute, the meritorious defense that Bourassa was not intoxicated at the time of the accident. The evidence yielded a finding of no liability on defendant's part because Bourassa was not intoxicated, and the trial court granted defendant summary judgment on that basis.

Affirmed.

---

[3] Nor are we of the opinion that it was incumbent upon defendant to personally monitor the progress of the claim once she turned it over to Burke. See *Walters, supra,* p 46.