O'NEILL v O'NEILL

1. JUDGMENT—DEFAULT JUDGMENT—DISCRETION—APPEAL AND ERROR.

A motion to set aside a default judgment is addressed to the trial court's discretion and will not be disturbed by the appellate court unless a clear abuse of discretion is shown.

2. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE DEFAULT—GOOD CAUSE—COURT RULES.

A proceeding to set aside a default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed; good cause includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

3. HUSBAND AND WIFE—TRANSACTIONS—FRAUD—UNDUE INFLUENCE—EQUITY.

Transactions between husband and wife, to be valid, particularly as to the wife, must be fair and reasonable and voluntarily and understandingly made; such transactions are jealously scrutinized to prevent the wife from being overreached or defrauded by the undue influence or improper conduct of the husband; and when the transactions are brought about by anything amounting to constructive fraud on his part they are voidable by the wife and are not enforceable against her, at least not in equity.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 682.

[2] 46 Am Jur 2d, Judgments § 708 *et seq.*

[3–5] 41 Am Jur 2d, Husband and Wife § 270 *et seq.*

[5] 24 Am Jur 2d, Divorce and Separation §§ 444, 447, 448.

Power of court, in absence of express authority, to grant relief from judgment by default in divorce action. 157 ALR 73, s. 22 ALR2d 1312.

False allegation of plaintiff's domicil or residence in the state as ground for vacation of default decree of divorce. 6 ALR2d 596.

4. HUSBAND AND WIFE—TRANSACTIONS—INDEPENDENT COUNSEL.

It is the duty of a husband to advise his wife to seek independent counsel where independent counsel would be of real assistance to the wife in deciding whether to enter into a transaction with her husband.

5. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE DEFAULT—DIVORCE—PROPERTY AGREEMENT—STATUTES.

Denial of a defendant-wife's motion to set aside a default judgment of divorce was error where defendant's unrefuted affidavits show that her failure to defend and plead was caused by the plaintiff-husband's threats of physical abuse, confinement in a mental hospital, and refusal of support, where the unrefuted affidavits show the parties continued to cohabit following the filing of the divorce complaint, where defendant alleged plaintiff did not comply with the statutory ten-day county residency requirement before filing for divorce, where there was no showing of hardship or necessity to justify the trial court's waiver of the statutory six-month waiting period, and where defendant's unrefuted affidavits show that she signed a property agreement which failed to protect her, without benefit of counsel, after her husband advised her she could not have an attorney (MCLA 552.9f).

Appeal from Oakland, Robert L. Templin, J. Submitted October 8, 1975, at Lansing. (Docket No. 23020.) Decided October 28, 1975.

Complaint by Hugh P. O'Neill against Joan J. O'Neill for divorce. Default judgment for plaintiff. Defendant moved to set aside the default judgment. Motion denied. Defendant appeals. Reversed and remanded.

*Charest, Clancy & Katulski* (by *J. Michael Hickox),* for plaintiff.

*Kenneth J. Morris, P. C.* (by *C. Gerald Hemming),* for defendant.

Before: QUINN, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

D. E. HOLBROOK, J. This is a divorce action commenced by the plaintiff husband on September 27, 1974 against the defendant wife. The parties were married on May 25, 1956, and there were four children born of the marriage, the eldest being 17 years of age at the time of the commencement of the divorce. The parties had been living in Wayne County for a number of years. They had their home there and they lived there with their children.

On September 23, 1974 plaintiff and defendant visited the plaintiff's attorney's office and signed a property settlement agreement. On September 27, 1974 the plaintiff commenced a divorce action in the County of Oakland, claiming to have been a resident therein for more than 10 days preceding said date. Defendant was personally served with summons and copy of complaint on October 1, 1974. On October 21, 1974 the plaintiff filed a default in the court, showing defendant as having failed to enter her appearance therein. On January 14, 1975 defendant filed an appearance in the trial court, together with a motion to set aside the default previously entered, also asserting that the plaintiff had not legally established his residence in Oakland County at the time of the filing of the complaint, together with an affidavit of meritorious defense. On January 14, 1975 at the time of filing said pleadings no praecipe was on file to take a default judgment. At this time Judge Hampton, for Judge Templin to whom the case had been previously assigned, signed an injunctive order, and set the hearing date on the motion to set aside the default for January 22, 1975. On January 15, 1975 the plaintiff took a default judgment. Before taking testimony the plaintiff's attorney made this statement:

"At this time we would ask the court also waive the six-month statutory waiting period.

*The Court:* Court will waive the six-month period."

The default judgment was granted, signed and entered on the same day.

On January 16, 1975 the defendant filed an amended motion to set aside default, and also to set aside default judgment.

Following a hearing on January 29, 1975, adjourned to February 5, 1975, defendant's motion to set aside the default and default judgment was denied. Defendant appeals therefrom as of right.

The issue to be determined on this appeal is as follows:

*Whether the trial court abused its discretion in refusing to set aside the default and default judgment against defendant upon her application, made one day prior to entry of judgment, setting forth good cause for having failed to plead and setting forth meritorious defenses?*

GCR 1963, 520.1 provides that when a party has failed to plead or otherwise defend, the person seeking relief or his attorney may enter the default of that party by filing a statement of default with the clerk who is then authorized to enter default. Once that default has been entered, the defaulted party may not proceed until such default has been set aside by the court pursuant to 520.4.

GCR 1963, 520.4 provides:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within 4 months

after the default was regularly filed or entered except as provided in Rule 528. Any order setting aside such default shall be conditioned upon the party against whom the default was taken paying the taxable costs incurred by the other party in reliance upon the default, except as prescribed in subrule 526.8. Other conditions may be imposed as the court deems proper. A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

As defendant does not allege a want of jurisdiction over her person, the question is whether good cause is shown and an affidavit of facts showing a meritorious defense has been filed.

It is well established that a motion to set aside a default judgment is addressed to the trial court's discretion and will not be disturbed by the appellate court, unless a clear instance of abuse of discretion is shown. *Freeman v Remley,* 23 Mich App 441; 178 NW2d 816 (1970), *Albro Leasing, Inc v Sylvester,* 40 Mich App 227; 198 NW2d 437 (1972).

The original motion and affidavit filed by defendant in this matter on January 14, 1975 sets forth the following "good cause", although not designated as such, for delay:

"7. * * * That the mental condition of this defendant has been made worse by threats that if she employs counsel her telephone will be shut off, she will receive no money for food or shelter from her husband. She, further, will receive physical punishment and she will be committed to a mental hospital by her husband.

"8. Further, that since she has indicated to her husband that she is consulting an attorney, he has told her that if she employs counsel that she will receive a

serious physical beating with a belt and that three (3) years after this matter is over 'she will get hers'."

At no time, either by way of counteraffidavit or at the ensuing hearing, have these assertions of fact been disputed.

Defendant also raised, though prematurely, possible grounds for dismissal of the action, alleging, though not establishing, that plaintiff was not a resident of Oakland County for ten days preceding the filing of the complaint.

The affidavit and motion also alleged that plaintiff had perpetrated a fraud upon the court and upon the defendant: "That defendant is fearful that she is pregnant at this time, as the marital relationship has not completely stopped despite the filing of this divorce." This was neither disputed by way of affidavit nor at the ensuing hearing. No supplemental complaint was filed.

Finally, defendant asserts what may be a defense to the divorce action itself, and a defense to the terms thereof if one is granted:

"That defendant believes that it is possible that there has not been a breakdown of the marriage relationship to the extent that the objects of matrimony has *[sic]* been destroyed and that if plaintiff would receive professional medical help and counseling, it might be possible to save this marriage."

"That. defendant signed a property settlement and separation agreement on the 23rd day of September, 1974, before the filing of this action and was, in fact, told by her husband that she could not have an attorney in this matter. That this property settlement was signed without benefit of counsel and fails to protect the defendant in any way."

Neither of the foregoing has been disputed by way of affidavit or at the ensuing hearing. Rather, on

the day following filing of the motion and affidavit, the trial court granted plaintiff a default judgment of divorce less than 4 months after filing.

On January 16, 1975 the day following the granting of the judgment, defendant filed an amendment to the motion to set aside default and affidavit of meritorious defense. Defendant there asserted that plaintiff, in light of the continued cohabitation, should have filed an amended complaint in order for the judgment to have validity; asserted that plaintiff had been made aware of the appearance and motion previously filed by her because the process server had delivered papers to the 17-year-old son, residing with plaintiff; prayed for an injunction preventing plaintiff from transferring or selling the marital home or assets until hearing; and asked for relief as follows: "Wherefore, defendant prays that the Judgment as well as the Default heretofore entered be set aside and held null and void." We rule that this pleading was a supplement to the motion filed on January 14, 1974, because the pleading states at the beginning as follows:

"NOW COMES JOAN J. O'NEILL, defendant, by and through her attorneys, KENNETH J. MORRIS, P. C., and as an Amendment to her Motion to Set Aside Default, in addition to that information contained in the Motion, states as follows * * * "

GCR 1963, 110.3, *Birch Run Nursery v Jemal,* 52 Mich App 23; 216 NW2d 488 (1974).

At the hearing held on January 29, 1975 no testimony was given by either party. However, defense counsel there proceeded to argue the matters set forth in the original motion and affidavit. He argued that there had been an unconscionable property settlement. He called to the court's atten-

tion that the requirement that no proofs be taken in a divorce proceeding where there are children before the elapse of six months had been waived on oral motion, with no showing of good cause therefore. He argued that he had filed an appearance on behalf of defendant but had received no notice of the hearing at which the judgment was taken. He argued coercion by the plaintiff, who had threatened not only the defendant but the defense counsel. He argued that there had been cohabitation during the pendency of the case. He argued that the court had no jurisdiction over the matters inasmuch as there had not been ten days residency preceding the complaint.

Rather than objecting to any statements regarding the cause and defense set forth by defendant in her original motion and affidavit, counsel for plaintiff stated:

> "[W]e have got a case where Mr. Hemming has alleged fraud and it is well known in the law, your Honor, fraud is not going to be presumed, fraud is going to have to be proved conclusively by a preponderance of the evidence. We have right now, your Honor, merely statements of both myself and Mr. Hemming before the court. I think that if any determination to setting aside this default is to be based on fraud we have to take testimony."

The court, however, stated that it was concerned only with the allegation that no money had been paid on the lump sum alimony. He then adjourned the hearing for one week, at which time the plaintiff was required to show what had been paid.

Plaintiff's counsel suggested to the court that both parties give testimony. The trial court did not take testimony, however. Therefore, only defendant's unrefuted affidavits were before the court.

Plaintiff did not file counter-affidavits and did not object to the court's failure to take testimony.

It appearing that the motion and affidavit were properly before the court, the first inquiry is whether the contents fulfill the requirements. As said in *Mission Investment Co v Perfect Totalisator Corp,* 51 Mich App 376, 379; 214 NW2d 898, 900 (1974):

"Relief from a default judgment is discretionary. GCR 1963, 520.4 sets out the requirements to be fulfilled by the moving party in requesting such relief. The pertinent portion of the rule is as follows:

" 'A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.' "

In *Milinsky v Schmidt, Ellis & Associates, Inc,* 48 Mich App 192, 195; 210 NW2d 367, 368 (1973), the Court quoted with approval from 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 662:

"Good cause within the meaning of this provision would seem to include (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand."

The unrefuted affidavit of defendant evidences a reasonable excuse for her failure to have appeared and pled. Defendant asserted that she was threatened by plaintiff with physical abuse, confinement in a mental hospital, and refusal to support.

Moreover, in defendant's original affidavit and

in her supplement, it is asserted, and is unrefuted, that the parties continued to cohabit following the filing of the divorce complaint. See *Garza v Garza,* 27 Mich App 544; 183 NW2d 880 (1970).

In this case, plaintiff did testify at the *pro confesso* hearing that the parties were separated on a certain date. He did not, however, assert, under oath, either at the hearing or by way of counter-affidavit that the separation had been continuous or that there had been no cohabitation.

In addition to the dissolution of the marriage, plaintiff prayed that the settlement agreement entered into between the parties on September 20, 1974 be incorporated in the judgment of divorce. In her original affidavit, defendant asserted that she signed a property settlement agreement after being told by her husband that she could not have an attorney in that matter so that the property settlement was signed without benefit of counsel and failed to protect her in any way. She further asserted that there had not been full disclosure of the value of the various assets of the parties before or following the entering into of that agreement.

In 41 Am Jur 2d, Husband and Wife, §§ 270, 271, pp 223–225, it is said:

"The relationship of husband and wife is generally regarded as of a confidential nature. * * * If there is any misrepresentation or concealment of material facts, or any just suspicion of artifice or undue influence, courts of equity will interpose and pronounce the transaction void and as far as possible restore the parties to their original rights.

* * *

"Equity will enforce agreements between the spouses only where they are fair and just and free from fraud, undue influence, duress, and overreaching.

* * *

"It is recognized that the most dominant influence of all relations is that of husband over wife, and transactions between them, to be valid, particularly as to her, must be fair and reasonable and voluntarily and understandingly made. Such transactions are jealously scrutinized to prevent the wife from being overreached or defrauded by the undue influence or improper conduct of the husband; and when they are brought about by anything amounting to constructive fraud on his part they are voidable by the wife and are not enforceable against her, at least not in equity.

\*     \*     \*

"Whenever independent counsel would be of real assistance to the wife in deciding whether to enter into a transaction with her husband, it is his duty to advise her to seek such counsel."

In the instant case, defendant's unrefuted affidavit indicates that the husband not only failed to advise her to seek counsel of her own, but affirmatively advised her that she could not obtain same. The sworn statement of defendant in this matter distinguishes this case from *Tapin v Kramer,* 238 Mich 497; 213 NW 699 (1927), where an equally divided Court affirmed the lower court's dismissal of suit by a decedent's brothers and sisters to set aside conveyances to her husband.

Since it appears uncontradicted in the record that defendant's failure to appear and plead was caused by certain actions of the plaintiff and that a meritorious defense exists (also due to certain actions of the defendant), coupled with the fact that MCLA 552.9f; MSA 25.89(6) was not complied with because there was no showing that a petition was presented to the court and no showing of hardship or compelling necessity justifying the waiver of the six-month rule, we determine that the default and default judgment should be set aside and defendant allowed her day in court. The

pertinent part of MCLA 552.9f, *supra,* reads as follows:

"No proofs or testimony shall be taken in any case for divorce until the expiration of 60 days from the time of filing the bill of complaint, except where the cause for divorce is desertion, or when the testimony is taken conditionally for the purpose of perpetuating such testimony. In every case where there are dependent minor children under the age of 18 years, no proofs or testimony shall be taken in such cases for divorce until the expiration of 6 months from the day the bill of complaint is filed. In cases of unusual hardship or such compelling necessity as shall appeal to the conscience of the court, upon petition and proper showing, it may take testimony at any time after the expiration of 60 days from the time of filing the bill of complaint."

This Court in *Penney v Protective National Ins Co,* 24 Mich App 218, 221; 180 NW2d 44, 46 (1970), stated:

"The trend of recent decisions both in our courts and in the Federal courts has been toward liberal construction of the default judgment provisions in order to achieve meritorious determination of cases. *Walters v Arenac Circuit Judge,* 377 Mich 37, 47; 138 NW2d 751, 754 (1966). The Supreme Court has combined this with strict construction of the procedural requirements of the rules."

Reversed and remanded for proceedings consistent with this opinion. Costs to defendant.