STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
DePREZ

Docket No. 49627. Submitted December 11, 1980, at Detroit.—Decided
March 4, 1981. Leave to appeal applied for.

Robert L. DePrez and Patricia M. DePrez brought an action
against Robert L. Birmingham for negligent operation of a
motor vehicle in which they were passengers and driven by
Birmingham and which was owned by Robert L. DePrez. State
Farm Mutual Automobile Insurance Company, insurer of the
DePrez vehicle, filed an action for declaratory judgment of the
rights of the parties to an insurance contract which excluded
liability coverage for any insured or family member of an
insured residing in the same household and moved for sum-
mary judgment. State Farm's motion was granted, the court
upholding the policy exclusion and releasing State Farm from
tendering a defense or providing liability coverage in the
DePrez action based on *Weisburg v DAIIE*, 36 Mich App 513
(1971). Subsequently, the Supreme Court overruled *Weisburg*,
*State Farm Mutual Automobile Ins Co v Sivey*, 404 Mich 51
(1978). Birmingham later moved to set aside or vacate the
declaratory judgment, which motion was granted, Oakland
Circuit Court, Hilda R. Gage, J., requiring State Farm to
defend the DePrez action and to provide liability coverage to
Birmingham. State Farm appeals, alleging that the circuit
court erred in vacating the declaratory judgment on the
grounds of a change in decisional law based on public policy
considerations. *Held:*

A declaratory judgment in Michigan has the force and effect
of a final judgment and may be modified, at the discretion of a

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 679 *et seq.*
[2] 43 Am Jur 2d, Insurance § 241.
  Specific exclusion of liability for injury intentionally caused by
  insured. 2 ALR3d 1238.
[3] 4 Am Jur 2d, Appeal and Error § 57.
  46 Am Jur 2d, Judgments § 682.
[4] 22 Am Jur 2d, Declaratory Judgments §§ 1, 102.
[5] 5 Am Jur 2d, Appeal and Error § 774.

trial court, where extraordinary circumstances make it necessary to achieve justice. The trial court did not abuse its discretion in setting aside the declaratory judgment in the State Farm action which prospectively barred State Farm from having to defend in the DePrez action. Imposing a bar to the defense is inequitable and against public policy considerations announced by the Supreme Court.

Affirmed.

1. JUDGMENTS — RELIEF FROM JUDGMENTS — COURT RULES.

A court, upon motion, may relieve a party or his legal representative from a final judgment, order, or proceeding where the prior judgment upon which the final judgment was based is reversed or vacated or it is no longer equitable that the judgment should have prospective application (GCR 1963, 528.3[5]).

2. INSURANCE — EXCLUSION CLAUSES — STATUTES.

An insurance policy exclusion denying coverage for bodily injury to any named insured or bodily injury or property damage caused intentionally by or at the direction of the insured is against public policy, its operation preventing statutorily required coverage (MCL 257.520[b]; MSA 9.2220[b]).

3. JUDGMENTS — RELIEF FROM JUDGMENTS — APPEAL.

A trial court's determination on motion to set aside a prior judgment is a discretionary decision which will not be disturbed on appeal absent a clear showing of an abuse of discretion.

4. JUDGMENTS — MODIFICATION OF JUDGMENTS — DECLARATORY JUDGMENTS — COURT RULES.

Declaratory judgments in Michigan have the force and effect of final judgments but may be modified where extraordinary circumstances make it necessary to achieve justice (GCR 1963, 521.5, 528.3[5]).

5. APPEAL — ABUSE OF DISCRETION.

An abuse of discretion involves more than a difference in judicial opinion between trial and appellate courts; discretion involves choice, an exercise of will, a determination made between competing considerations, and to constitute an abuse in reaching the determination the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of but perversity of will, not the exercise of but defiance of judgment, and not the exercise of reason, but rather of passion or bias.

*Draugelis, Ashton & Scully (by Richard T. Haynes), for plaintiff.*

*Turner, Mead, Wilson & Turner, for defendant.*

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and M. J. KELLY, JJ.

M. J. KELLY, J.

I

The statement of concise facts and proceedings which follows is extracted verbatim from plaintiff-appellant's brief and has been accepted by defendants-appellees:

"This litigation arises from an automobile accident wherein ROBERT DE PREZ and PATRICIA DE PREZ filed a Complaint against Defendant, ROBERT BIRMINGHAM, alleging negligence in the operation of a motor vehicle in which Mr. and Mrs. DePrez were passengers and which was owned by ROBERT DE PREZ. That case was filed and docketed as Oakland Circuit Court Case No. 74-109-060 and was assigned to Judge William B. Hampton.

"The DePrez vehicle was insured under a policy of automobile insurance issued to ROBERT DE PREZ by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (State Farm).

"The policy of insurance issued to ROBERT DE PREZ contained a provision excluding liability coverage to any insured or any member of the family of an insured residing in the same household. Subsequent to filing the initial negligence action, State Farm filed a declaratory judgment action in the Circuit Court designated as Oakland County Circuit Court, docket no. 74-113-801 requesting that the court declare the rights of the parties to the insurance contract and uphold the policy exclusion heretofore mentioned. Following a Motion for Summary Judgment, both parties having submitted

Briefs, Judge William Hampton, on November 20, 1974, entered an Order for Judgment in favor of the Plaintiff, State Farm, upholding the policy exclusion and releasing the Plaintiff in that action from tendering a defense or providing liability coverage in the negligence cause of action. In arriving at his decision to uphold the aforesaid policy exclusion, Judge Hampton based his decision on the Court of Appeals decision of *Weisburg v DAIIE,* 36 Mich App 513 (1971), which upheld an identical policy exclusion. No appeal was taken.

"On December 26, 1978 the Supreme Court handed down its decision in the case of *State Farm Mutual Automobile Ins Co v Sivey,* 404 Mich 51 (1978). The *Sivey* decision held the aforementioned policy exclusion against public policy and, as a result, overruled the *Weisburg* decision.

"Over four years later, based on that change of decisional law, the Defendant in the negligence action and one of the Defendants in this action, ROBERT BIRMINGHAM, filed a Motion to Set Aside or Vacate Declaratory Judgment. The means by which the Defendant sought to set aside the existing declaratory judgment was pursuant to GCR 528.3(5). Following oral argument, Judge Hilda Gage entered an Order dated January 22, 1980 granting the Defendant's motion and obligating State Farm to defend the still pending negligence action and provide liability coverage to the Defendant, ROBERT BIRMINGHAM. The Plaintiff herein appeals from the Order Setting Aside the Declaratory Judgment."

II

The parties likewise agree that there is one issue presented, and that is whether the trial judge erred by vacating in 1979 a declaratory judgment previously entered in 1974, from which no appeal was taken, on the grounds of a change in decisional law handed down by the Michigan Supreme Court in 1978. The Supreme Court deci-

sion was expressly grounded on public policy considerations, and the trial court, in following the public policy considerations, relied specifically on equitable grounds for its decision.

## III

GCR 1963, 528.3(5) provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

\* \* \*

"(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application \* \* \*."

In *State Farm Mutual Automobile Ins Co v Sivey,* 404 Mich 51; 272 NW2d 555 (1978), the Supreme Court overruled *Weisburg v Detroit Automobile Inter-Ins Exchange,* 36 Mich App 513; 194 NW2d 193 (1971), and held that an insurance policy exclusion denying coverage for bodily injury to any named insured or bodily injury or property damage caused intentionally by or at the direction of the insured was against public policy because its operation prevented coverage required by the motor vehicle financial responsibility law, MCL 257.520(b); MSA 9.2220(b). *Weisburg, Sivey,* and the instant case share the common fact pattern of a named insured being injured while a passenger in his own motor vehicle but driven by another individual at the time. In each case, the insurance company was granted a declaratory or summary judgment. The issue here is whether the 1974

circuit court declaratory judgment in plaintiff's favor, decided under *Weisburg*, may be vacated, after *Sivey*, under GCR 1963, 528.3(5).

In granting the defendants' motion to vacate the declaratory judgment order, the trial court stated that it had no authority to hold the *Sivey* decision retroactive but held that *Sivey* did apply to the pending case of *DePrez v Birmingham*, Oakland County Circuit Court case no. 74-109-060-NI. The trial court noted that "the only bar to State Farm being required to defend in that case is the declaratory judgment which was entered in this case". The trial court was persuaded that this was "a situation in which the Court should exercise its discretion and set aside the judgment" under GCR 1963, 528.3(5). We further note that a trial court's determination on a motion to set aside a prior judgment is "a discretionary decision, one which will not be disturbed on appeal absent a clear showing of an abuse of discretion". *Lark v The Detroit Edison Co*, 99 Mich App 280, 282; 297 NW2d 653 (1980), citing *O'Neill v O'Neill*, 65 Mich App 332, 336; 237 NW2d 315 (1975), and *Freeman v Remley*, 23 Mich App 441, 448; 178 NW2d 816 (1970).

In Michigan, declaratory judgments are expressly given the force and effect of final judgments. GCR 1963, 521.5. However, this rule does not of itself lead to the conclusion that the instant declaratory judgment may not be modified under the terms of the court rule.[1] In *Lubben v Selective*

---

[1] We note and reject the plaintiff's argument that our ruling will provide a basis by which to avoid the appellate process for failing to make a prior appeal. This case should not serve as precedent encouraging appeals from final judgments, based solely upon later case law development. Relief under GCR 1963, 528.3(5) is to be granted only where "extraordinary circumstances make it necessary to achieve justice". *Banner v Banner*, 45 Mich App 148, 153; 206 NW2d 234 (1973), 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d

*Service System Local Board No 27,* 453 F2d 645, 651 (CA 1, 1972), the Court interpreted a Federal rule (FR Civ P 60[b][5]) identical to our own. The *Lubben* Court noted that a court of equity's inherent power to modify injunctions was, by application of the Federal rule, now available to govern proposed modifications to prior judgments:

"In *United States v Swift & Co,* 286 US 106, 52 S Ct 460, 76 L Ed 999 (1932), the Court held that it was the inherent right of a court of equity to modify an injunction in adaptation to changed circumstances which rendered the injunction an instrument of wrong. The clause of Rule 60(b)(5) allowing for relief from the inequitable prospective application of a judgment was designed primarily to incorporate that inherent power, and the clause should be used in light of the *Swift* decision."

See also *System Federation No 91 R Employees' Dep't, AFL-CIO v Wright,* 364 US 642; 81 S Ct 368; 5 L Ed 2d 349 (1961).

We perceive no abuse of discretion in the lower court's order setting aside the earlier declaratory judgment.[2] To permit State Farm to avoid its

ed), p 188. The instant case differs from most such cases in that the very opinion relied upon to grant the declaratory judgment was overruled as contrary to public policy. Also, litigation arising from the facts at issue in the declaratory judgment was pending on the date *Sivey* was decided. As we view it, these circumstances make the present case sufficiently extraordinary so as to warrant relief under the rule.

[2] In *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), the Supreme Court proposed the following definition of an abuse of discretion:

"Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will be

contractual obligations would serve only to make the declaratory judgment a vehicle to shield clear legal precedent invalidating the policy exclusion. Further, the continuing controversy between Robert and Patricia DePrez and Robert Birmingham, from which the plaintiff's potential liability arose, gives the declaratory judgment a prospective application not present in most cases. Finally, State Farm has not shown that it would be prejudiced by having to defend the principal action. Under these circumstances, we agree with the trial court that it would be inequitable to continue to enforce the prior declaratory judgment.

Affirmed.

perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."