DETROIT FREE PRESS, INC v DEPARTMENT OF STATE POLICE

Docket Nos. 210932, 210955, 211033. Submitted January 12, 1999, at Detroit. Decided January 29, 1999, at 9:05 A.M.

Detroit Free Press, Inc., brought an action in the Wayne Circuit Court against the Department of State Police, the Wayne County Clerk, and the Ingham County Clerk, seeking disclosure pursuant to the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, of information concerning persons who were issued concealed weapons permits. The court, Amy P. Hathaway, J., on motions for summary disposition by the parties, denied the plaintiff's motion and granted the defendants' motion. The plaintiff, citing *Mager v Dep't of State Police*, unpublished opinion per curiam of the Court of Appeals, issued December 12, 1997 (Docket No. 197222), moved for relief from the judgment that was entered after summary disposition. The court, Dalton A. Roberson, J., granted the motion. The plaintiff then renewed its motion for summary disposition, which Judge Roberson granted. The defendants appealed, and their appeals were consolidated.

The Court of Appeals *held*:

Under MCR 2.612, a court may relieve a party from a final judgment where a prior judgment on which the final judgment is based has been reversed or otherwise vacated. In this case, Judge Roberson abused his discretion in granting relief from judgment inasmuch as Judge Hathaway, in granting summary disposition for the defendants, did not rely on the Ingham Circuit Court decision that was reversed by the Court of Appeals in *Mager, supra,* and inasmuch as the unpublished opinion of the Court of Appeals in *Mager* does not provide a sufficient basis on which to grant relief from judgment because it has no value as precedent, nor was it based on a compelling issue of public policy.

Reversed; original order granting summary disposition for defendants reinstated.

JUDGMENTS — RELIEF FROM JUDGMENTS — UNPUBLISHED COURT OF APPEALS OPINIONS — COURT RULES.

An unpublished opinion of the Court of Appeals in an unrelated matter does not constitute an adequate basis on which to grant relief from a final judgment (MCR 2.612[C][1][e]).

*Honigman Miller Schwartz and Cohn* (by *Herschel P. Fink* and *Cynthia G. Thomas*), for Detroit Free Press, Inc.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Thomas Quasarano*, Assistant Attorney General, for Department of State Police.

*Harnetha W. Jarrett*, Assistant Corporation Counsel, for Wayne County Clerk.

*Cohl, Stoker & Toskey, P.C.* (by *Ruth E. Mason*), for Ingham County Clerk.

Before: SAWYER, P.J., and BANDSTRA and R. B. BURNS*, JJ.

SAWYER, P.J. Defendants appeal from an order of the circuit court that granted summary disposition to plaintiff on its action under the Michigan Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* We reverse.

Plaintiff sought information concerning individuals who had received concealed weapons permits. Originally, Wayne Circuit Judge Amy P. Hathaway denied plaintiff's motion for summary disposition and granted summary disposition to defendants. That judgment was entered on July 9, 1997. Thereafter, on January 21, 1998, plaintiff moved for relief from that judgment on the basis of this Court's unpublished opinion per curiam in *Mager v Dep't of State Police*, issued December 12, 1997 (Docket No. 197222).

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Because Judge Hathaway had been assigned to the criminal division of the Wayne Circuit Court, the motion for relief from judgment was assigned to Judge Dalton A. Roberson. Judge Roberson granted the motion for relief from judgment. Plaintiff thereafter renewed the motion for summary disposition. Judge Roberson then granted that motion, concluding that the concealed weapons permit records are subject to disclosure under the FOIA (excluding business or home addresses).

We turn first to defendants' argument that the trial court erred in granting relief from judgment. We agree. We review the trial court's decision to grant relief from judgment for an abuse of discretion. *Hadfield v Oakland Co Drain Comm'r*, 218 Mich App 351, 354; 554 NW2d 43 (1996).

We initially note that the trial court did not specify which section of MCR 2.612 it relied on in granting relief from judgment, though it did refer to both MCR 2.612(C)(1)(e) and (f). MCR 2.612(C)(1) provides as follows:

> On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> *          *          *
>
> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
> (f) Any other reason justifying relief from the operation of the judgment.

Motions under these subrules "must be made within a reasonable time." MCR 2.612(C)(2).

First, we note that plaintiff's argument that relief from judgment was appropriate because Judge Hathaway had relied on a decision that was subsequently reversed is erroneous. Plaintiff argues that Judge Hathaway, in deciding this case, had relied on the Ingham Circuit Court's decision in *Mager, supra.* However, a review of Judge Hathaway's decision indicates that, while she did refer to the circuit court's opinion in *Mager*, that was by no means the sole basis for her decision, or the controlling reason for her decision.

Furthermore, we are not persuaded that this Court's opinion in *Mager* is a sufficient basis to grant relief from judgment. Plaintiff looks to our opinion in *State Farm Mut Automobile Ins Co v DePrez*, 104 Mich App 271; 304 NW2d 547 (1981), in support of the proposition that a reversal of a decision provides the basis for relief from judgment. In *DePrez*, this Court affirmed the trial court's grant of relief from a five-year-old declaratory judgment. The trial court had set aside the judgment solely on the basis of the Michigan Supreme Court's reversal of the case on which the trial court had originally relied. *Id.* at 274.

There are, however, significant differences between the *DePrez* case and the case at bar. *DePrez* involved a published opinion of the Michigan Supreme Court, while this case involves an unpublished opinion of this Court. While Supreme Court decisions are obviously controlling law, unpublished opinions of this Court have no precedential value whatsoever. MCR 7.215(C)(1). Furthermore, the *DePrez* Court noted that that case represented "extraordinary circumstances" because "the very opinion relied upon to grant the declaratory judgment was overruled as con-

trary to public policy." *Id.* at 276-277, n 1. Nothing in the case at bar represents extraordinary circumstances, nor was the *Mager* decision based on a compelling issue of public policy.

Indeed, if there is a compelling issue of public policy present in this case, it is that relief from judgment should not be based on the unpublished opinions of this Court. If we were to uphold the grant of relief from judgment in this case, then we would severely undermine the finality of judgments. A party could continually scour our unpublished opinions for a favorable decision and then seek to reopen a case that was otherwise thought to be final. Our system, however, provides an entirely adequate remedy: seek an immediate appeal from an adverse decision (or even seek leave for delayed appeal). When a party, such as plaintiff in the case at bar, chooses not to pursue an appeal, it cannot thereafter seek a different result merely because an unpublished and nonprecedential case has been decided. Rather, it must accept the finality of the judgment it chose not to appeal.

Finally, *DePrez* involved a declaratory judgment concerning the plaintiff's obligations in an underlying lawsuit that was still pending when relief from judgment was granted. *Id.* at 276. Specifically, in *DePrez* the trial court ruled that the plaintiff had no obligation to defend or indemnify in the underlying action. When the trial court granted relief from judgment based on the new Supreme Court decision, holding that the plaintiff did have an obligation to defend and indemnify in the underlying action, that underlying action was still pending. *Id.* at 274. No such situation exists in the case at bar.

In short, because an unpublished decision of this Court in an unrelated matter does not constitute an adequate basis to grant relief from a final judgment, the trial court abused its discretion in granting relief from judgment.[1] In light of our disposition of this issue, we need not address the remaining issues raised by defendants.

The decision of the circuit court is reversed, and Judge Hathaway's original order granting summary disposition to defendants is reinstated. Defendants may tax costs.

---

[1] Our decision is not based on any disagreement with Judge Roberson's decision on the merits of plaintiff's FOIA claim. Because the trial court should not have granted relief from judgment for the reasons stated, we need not express an opinion on the merits.