*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIE JAMES ANDERSON,

Plaintiff-Appellant,

v

WISSAM SHAKIR,

Defendant-Appellee.

UNPUBLISHED
April 2, 2019

No. 341019
Wayne Circuit Court
LC No. 15-015085-NI

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

This appeal arises out of the trial court's improper dismissal of plaintiff Willie James Anderson's automobile negligence lawsuit and subsequent refusal to reinstate the case. We reverse and remand for reinstatement of the case.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On November 18, 2015, plaintiff filed a summons and complaint against defendant, Wissam Shakir, claiming serious personal injuries arising out of a November 15, 2013 automobile accident where defendant drove through a red light and struck plaintiff's vehicle. Plaintiff had filed two prior lawsuits arising out of the accident: the first on February 9, 2015, against plaintiff's insurance company (National General Insurance Company ("National")) and defendant (Case No. 15-001687-NF), and the second on November 2, 2015, against National (Case No. 15-014201-NF). Only the present action is at issue on appeal, although the existence of the other lawsuits may explain why the trial court made a filing error that resulted in the improper dismissal of this case.

The summons in the instant case was scheduled to expire on February 17, 2016. After making several unsuccessful attempts to serve defendant, plaintiff filed a motion for a second summons on February 17, 2016, which the trial court granted, and which extended the time to serve defendant until April 2, 2016. Notably, the trial court's February 17, 2016 order granting plaintiff's motion for a second summons was *incorrectly entered into the register of actions for plaintiff's first case against National and defendant* (Case No. 15-001687-NF), and was *not* entered into the register of actions in the correct case, being this one. According to the register

of actions in the instant case, and likely because the trial court misfiled the order granting a second summons, the deputy county clerk, acting on behalf of the chief judge, issued an order of dismissal for nonservice on February 29, 2016. The trial court record in this case, however, contains no copy of the order.[1] Plaintiff explains that he did not give credence to the order because it was issued by the clerk's office as part of the standard protocol after a summons expires and he had just received an order from the trial court judge assigned to the case issuing a second summons.

On March 24, 2016, plaintiff filed a motion and verification for alternate service. In his motion and an accompanying affidavit prepared by a professional process server, plaintiff explained the multiple efforts made to confirm defendant's address and serve him with the summons and complaint. Four days later, on March 28, 2016, the trial court entered an order granting plaintiff's motion for alternate service.[2] The order was signed by the trial court judge. Nothing in the order granting plaintiff's motion for alternate service indicated that the case had been dismissed.

On March 29, 2016, plaintiff's process server served defendant in compliance with the trial court's alternate service order, and he executed an affidavit of service the next day. On April 4, 2016, plaintiff filed a proof of service verifying that defendant had been served within the time allotted in the second summons and in compliance with the court's order. The trial court did not reject plaintiff's filing.

On April 22, 2016, defendant filed an answer to the complaint. The trial court accepted the filing. Plaintiff filed both a reliance on defendant's jury demand and a denial of defendant's affirmative defenses. The filings were accepted. The parties proceeded to engage in discovery, filing with the court deposition notices, interrogatories, requests for admissions, answers to requests for admissions, answers to interrogatories, and a witness list, all of which indicated that the parties were proceeding in earnest with discovery from May 2016 through November 2016. In all, the parties filed 11 documents with the trial court after defendant filed his answer to the complaint, which clearly indicated that the parties were proceeding under the understanding that this was an active case. Neither the trial court nor the clerk's office notified the parties that their case was anything but active.

According to plaintiff, he began to wonder why the trial court had not yet scheduled a case evaluation date, prompting him to call the court in July 2017, at which time he was informed that the case had been administratively dismissed for nonservice. He pointed out that a second summons had been issued, but was informed that a motion to reinstate the case was

_____

[1] This court has been able to procure a copy of the February 29, 2016 order from defense counsel. In the trial court and in its briefings to this Court, plaintiff labors under the mistaken belief that the trial court's February 18, 2016 order of dismissal for nonservice is the order at issue. It is not. That order pertains to plaintiff's case against National (Case No. 15-14201-NI).

[2] It is not clear why, but it appears that plaintiff filed his motion on both March 24, 2016 and March 28, 2016.

necessary. Plaintiff filed a motion on August 14, 2017 seeking to reinstate the case pursuant to MCR 2.612(C)(1)(f), and setting a motion date of Friday, August 25, 2017. Defendant responded to plaintiff's motion with general denials. Plaintiff indicates that the trial court moved his hearing back a month to September 29, 2017.

At the hearing, the trial court denied plaintiff's motion, concluding that because notice of the February 29, 2016 order of dismissal was provided and plaintiff did not get a scheduling order, which should have caused him to know something was wrong, he failed to provide an adequate explanation for why he did not file his motion earlier. The trial court entered an order on October 5, 2017, reflecting its September 29, 2017 ruling. Plaintiff filed a timely motion for reconsideration, which the trial court denied.

## II. ANALYSIS

On appeal, plaintiff contends that the trial court erred by not issuing a scheduling order in this properly filed case, erred by dismissing the case for nonservice despite having just issued an order granting a second summons, and abused its discretion by refusing to reinstate the case because plaintiff did not discover the trial court's improper dismissal soon enough. We agree with the latter two arguments.

Initially, we dismiss plaintiff's argument regarding the trial court's failure to issue a scheduling order. Plaintiff fails to support his claim with any citations to authority or argument to sustain his position, and thus, he has abandoned the claim on appeal. *Flint City Council v Michigan*, 253 Mich App 378, 393 n 2; 655 NW2d 604 (2002) ("[T]his Court will not search for authority to support a party's position, and the failure to cite authority in support of an issue results in its being deemed abandoned on appeal").

Next, we agree with plaintiff that the trial court improperly dismissed the case. The record clearly demonstrates that plaintiff timely and properly sought and received a second summons in accordance with MCR 2.102(D) in order to give him more time to serve defendant. The trial court erred by misfiling the February 17, 2016 order granting plaintiff's motion for a second summons in the wrong court file, which resulted in it not being noted in the register of actions, which then resulted in the trial court improperly dismissing the action.

The main issue in this appeal is whether the trial court erred in refusing to grant plaintiff's motion to reinstate the case. Plaintiff argues that he established grounds for relief under MCR 2.612(C)(1)(f), in which a court may relieve a party from a final order for "any other reason justifying relief. . ." and that he filed within a reasonable time under the circumstances. Defendant contends that plaintiff failed to satisfy the three requirements necessary under MCR 2.102(F) in order to set aside the dismissal order. We note, however, that MCR 2.102(F) addresses a court's ability to set aside the dismissal of an action "as to a defendant under subrule (E)." Subrule (E) governs the dismissal of an action upon the *expiration* of the summons. In the instant case, plaintiff's summons had not expired because the trial court had entered an order granting a second summons that was valid through April 2, 2016. Thus, the court's dismissal of

-3-

the action did not occur "under subrule (E).[3] Rather, it improperly occurred as a result of a preceding clerical error on the part of the trial court. It is undisputed that neither party believed the action had actually been dismissed until plaintiff learned of that fact when his counsel called the court in July 2017. Under the circumstances presented, we conclude that it was appropriate for plaintiff to seek to relief under MCR 2.612(C)(1)(f).

This Court reviews the interpretation of a court rule de novo. *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007). "In interpreting a statute or court rule, [this Court] accords every word or phrase of a statute or court rule its plain and ordinary meaning." *Brausch v Brausch*, 283 Mich App 339, 348; 770 NW2d 77 (2009). This Court reviews for an abuse of discretion a trial court's ruling on a motion for relief. *Detroit Free Press, Inc v Department of State*, 233 Mich App 554, 556; 593 NW2d 200 (1999). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012).

MCR 2.612(C) provides, in relevant part:

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

* * *

(f) Any other reason justifying relief from the operation of the judgment.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. . . .

The trial court did not conclude that plaintiff's "reason" for seeking reinstatement of the case was invalid, and neither do we. The trial court improperly dismissed a case that should not have been dismissed. That justifies relief. Instead, the trial court concluded that plaintiff had not provided an adequate explanation for why he failed to file his motion for relief earlier. As set forth in MCR 2.612(1)(f), the motion must be made "within a reasonable time." In light of the record evidence, we conclude that the trial court abused its discretion in not granting plaintiff's motion.

---

[3] Further supporting our conclusion that the requirements of MCR 2.102(F) are not applicable under the circumstances is the fact that plaintiff could not even meet the requirements in (F) at the time of the February 29, 2016 dismissal because the second summons was still in effect and plaintiff was still engaged in the process of serving defendant. That did not occur until March 29, 2016, which was timely, but more than 28 days after notice of the order of dismissal for nonservice. See MCR 2.102(F)(3). In other words, plaintiff would be disqualified from setting aside the dismissal before his valid summons even expired.

Plaintiff maintains that he did not give credence to the February 29, 2016 dismissal for nonservice issued by the clerk's office because he had just received the February 17, 2016 order granting a second summons. He assumed that the order was automatically generated—and inaccurate—simply because the trial court's order had not yet made it to the court file and been logged into the register of actions. The sincerity of his assumption was established by plaintiff's filing a motion for alternate service on March 24, 2016. The trial court proceeded to actively reinforce plaintiff's assumption when it *granted* plaintiff's motion and *entered an order* on March 28, 2016, permitting service by alternate means. Plaintiff's assumption was further reinforced and made reasonable by the trial court's acceptance for filing of plaintiff's proof of service of the summons and complaint, defendant's answer to the complaint, and nearly a dozen other filings associated with active discovery over the ensuing eight months, followed by the filing of a witness list in November 2016. While plaintiff certainly could have looked at the register of actions, so too could have defendant or the trial court, for that matter, when filings proceeded to roll in. It would be reasonable for the average practitioner to assume that if the trial court is granting a motion, issuing an order, and accepting all of the filings associated with discovery over an eight-month period, the case remains active, not dismissed. The only time period one could arguably conclude was unreasonable occurred after November 2016, when plaintiff waited until July 2017 to call the court and inquire why case evaluation had not yet been scheduled. However, Wayne County Circuit Court is an exceptionally busy court, with the most court filings of any court in the state. It is reasonable to believe that the court will schedule case evaluation in due course. And while the trial court did not issue a scheduling order, and issuing such orders is common practice in trial courts, scheduling orders are discretionary under MCR 2.401. Effectively, the trial court concluded that plaintiff took too long to discover the trial court's improper act of dismissing the case, even though the trial court both actively and passively allowed plaintiff to think that his case was still active. We conclude that the trial court abused its discretion, as its conclusion falls outside the range of reasonable and principled outcomes. See *Waterstone*, 296 Mich App at 131-132. We reverse the trial court's order denying plaintiff's motion for relief and remand for reinstatement of the case.

Reversed and remanded for reinstatement of the case. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly