*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEDRA MICHELLE KNOTT,

        Plaintiff-Appellant,

v

ALLSTATE INSURANCE COMPANY,

        Defendant,

and

BRIANA SHENIKA HILL,

        Defendant-Appellee.

UNPUBLISHED
May 12, 2026
9:26 AM

No. 374086
Wayne Circuit Court
LC No. 22-008096-NI

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted[1] the trial court's June 25, 2024 order denying plaintiff's motion for relief from a final order and to reinstate the case. For the reasons set forth in this opinion, we vacate the trial court's order and remand this matter for the trial court to provide adequate reasoning and analysis to facilitate meaningful appellate review of any order it determines is appropriate.

On July 6, 2022, plaintiff filed this action alleging that defendant Briana Shenika Hill was negligent in causing an April 26, 2021 motor vehicle accident that severely injured plaintiff. Plaintiff's complaint also sought first-party no-fault benefits from defendant Allstate Insurance Company as the assigned insurer under the Michigan Assigned Claims Plan.

---

[1] *Knott v Allstate Ins Co*, unpublished order of the Court of Appeals, entered May 23, 2025 (Docket No. 374086).

A default was entered against defendant Hill on August 29, 2022 for failure to plead or otherwise defend. Another default was entered against defendant Hill on October 17, 2022. On December 1, 2023, a stipulated order of dismissal was entered, which provided:

> This matter having come before the Court upon Stipulation of the parties, and the Court being otherwise fully advised in the premises,
>
> IT IS HEREBY STIPULATED AND AGREED by counsel for the respective parties that Plaintiff's cause of action be dismissed With prejudice and Without costs as to any party.

**We stipulate to this Order:**

The stipulation was signed by counsel for plaintiff and counsel for defendant Allstate. Attached to the stipulation was the order signed by the trial court, which stated:

> Upon Stipulation by counsel for the respective parties;
>
> IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's cause of action be dismissed with prejudice and without costs as to any party.

**This is a Final Order and this order closes the case.**

The stipulation and order of dismissal does not contain any reference to defendant Hill other than including her in the caption.

On May 31, 2024, plaintiff filed a motion for relief from the final order and to reinstate the case as to defendant Hill only. Plaintiff argued that the December 1, 2023 stipulated order "was supposed to be as to only Plaintiff and Defendant Allstate since Plaintiff's claims as against Defendant Hill had not been adjudicated." According to plaintiff's motion, she and defendant Allstate had settled the first-party no-fault claim after the default was entered against defendant Hill. Plaintiff requested that the case be reinstated with respect to defendant Hill on the grounds of mistake and inadvertence under MCR 2.612(C), so as to allow plaintiff to move for a default judgment and an evidentiary hearing regarding damages.

A hearing was held on June 14, 2024. Hill appeared at the hearing and represented herself. At the hearing, plaintiff's counsel argued consistently with the written motion. Hill contended that she never received a default judgment and that the order of dismissal operated to dismiss the claims against Hill. At the conclusion of the hearing, the trial court abruptly announced:

> So, how about this? Your motion is denied. Have a good day.

The court issued an order denying the plaintiff's motion, ostensibly for the reasons stated on the record. Upon review of the transcript, however, the trial court articulated no substantive legal rationale for its decision. The only statements provided by the court were: "So, how about this? Your motion is denied. Have a good day." No further explanation or legal analysis appears on the record, leaving the basis for the court's denial entirely unclear to the parties and to any reviewing court.

A trial court's decision on a motion for relief from judgment under MCR 2.612 is reviewed for an abuse of discretion. *Detroit Free Press, Inc v Dep't of State Police*, 233 Mich App 554, 556; 593 NW2d 200 (1999). MCR 2.612(C) provides in relevant part:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

> (a) Mistake, inadvertence, surprise, or excusable neglect.

> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

> (d) The judgment is void.

> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

> (f) Any other reason justifying relief from the operation of the judgment.

In this case, the trial court completely failed to explain its ruling denying plaintiff's motion for relief from the order under MCR 2.612(C), which leaves this Court without a basis for providing meaningful appellate review. See *Woodington v Shokoohi*, 288 Mich App 352, 354, 356-357; 792 NW2d 63 (2010) (explaining that this Court could not discern the basis for the trial court's decision, which precluded meaningful appellate review, because the trial court had failed to adequately provide analysis or reasoning supporting its decision). Thus, we vacate the trial court's order denying plaintiff's motion. On remand, the trial court is instructed to adequately explain the basis of any order it determines is appropriate so the order may be subject to meaningful appellate review. *Id*.

Finally, although plaintiff additionally argues that the order appealed in this application is the first final order, and thus appealable as of right, this Court has already held otherwise in Docket No. 372890. *Knott v Allstate Ins Co*, unpublished order of the Court of Appeals, entered November 6, 2024 (Docket No. 372890). Nonetheless, this Court granted plaintiff's delayed application for leave to appeal that order in the present appeal. This issue is therefore moot. "A case is moot when it presents only abstract questions of law that do not rest upon existing facts or rights," and an "issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). This Court generally does not decide moot issues and there is no apparent reason to do so in this case. *Id*.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman